990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James KRISTOFFERSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert G. RUTZ, Defendant-Appellant.
 Nos. 91-10348, 91-10406.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1993.*
Decided March 18, 1993.
 
 Before GOODWIN, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The appeals in these two consolidated cases challenge the trial judge's rulings on cross-examination. Kristofferson appeals because he claims that the trial judge improperly restricted his cross-examination of a prosecution witness. Rutz appeals because he claims that the trial judge should have let him take the stand without being subject to cross-examination by the prosecution. Both appellants misconceive the discretionary control of cross-examination by the trial court.
 
 
 3
 Kristofferson was permitted wide latitude in his substantial cross-examination of the government informant and key witness, Brooks. Brooks was effectively impeached. The district court soundly exercised its discretion in limiting the cross-examination of Brooks to prevent confusion, cumulative impeachment, and irrelevant and marginally relevant interrogation. See Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986); United States v. Jackson, 882 F.2d 1444, 1447 (9th Cir.1989); United States v. Bonanno, 852 F.2d 434, 439 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989). Even when the additional cross-examination desired has some impeachment value, no abuse of discretion will be found if the defense is allowed to adequately impeach the credibility of the government witness by other lines of questioning. See United States v. Guthrie, 931 F.2d 564, 568-69 (9th Cir.1991).
 
 
 4
 Despite Kristofferson's very detailed attempt to find fault with the district court's limitations on Brooks' cross-examination, the record reveals sufficient information for the jury's evaluation of Brooks' credibility and his biases and motivations. Confrontation demands were therefore satisfied. See Bonanno, 852 F.2d at 439. The Confrontation Clause does not guarantee cross-examination effective in whatever way and to whatever extent the defense wishes. Delaware v. Fensterer, 474 U.S. 15, 20 (1985).
 
 
 5
 The district court's rulings did not prevent Kristofferson from placing Brooks in his proper setting or from presenting the defenses of coercion and entrapment. We find no abuse of discretion in any of the district court's limitations of the cross-examination of Brooks.
 
 
 6
 On the basis of Rutz's proffer concerning his proposed testimony, the district court was correct in its ruling that Rutz could not limit the cross-examination only to his knowledge of whether the gun was in his car. Permissible cross-examination is not determined by what the defendant actually discusses during his direct testimony, but by what is reasonably related to the subjects covered by the defendant's testimony. United States v. Vasquez, 858 F.2d 1387, 1392 (9th Cir.1988), cert. denied, 488 U.S. 1034 (1989); United States v. Hearst, 563 F.2d 1331, 1340 (9th Cir.1977) (per curiam), cert. denied, 435 U.S. 1000 (1978). Certainly the cocaine that was also in Rutz's car and the events of the day leading up to the car chase and arrest are subjects reasonably related to the gun found in Rutz's car. The district court did not abuse its discretion in determining the relevant bounds of the potential cross-examination of Rutz. Rutz's contention that the ruling chilled his Fifth Amendment rights is without merit.
 
 
 7
 Rutz also argues the jury should have been instructed on the lesser included offense of simple possession. The district court was well within its discretion in refusing Rutz's lesser included offense instruction. See United States v. Roston, No. 89-50531, slip op. at 1519-20 (9th Cir. February 26, 1993) (refusal of lesser included offense instruction reviewed for abuse of discretion). There was no factual basis for a simple possession instruction in this case. Either Rutz possessed the cocaine for the limited purpose of lawfully disposing of it, or he was involved in the conspiracy to distribute and the distribution of the cocaine. Rutz did not meet his burden of demonstrating that the evidence at trial was such that the jury could rationally find him guilty of the lesser offense, yet acquit him of the greater. See United States v. Gavin, 959 F.2d 788, 792 (9th Cir.1992), cert. denied, 113 S.Ct. 1017 (1993).
 
 
 8
 Once the jury rejected Rutz's defense (presented through Kristofferson), it was left with a drug deal involving two kilos of cocaine and considerable evidence of Rutz's participation in the transaction. This court has declined to require a possession instruction where there are large quantities of a drug and other evidence tending to establish distribution, "holding that once the jury found possession under such circumstances, it could not rationally conclude that there was no intent to distribute." United States v. Powell, 932 F.2d 1337, 1342 (9th Cir.) cert. denied, 112 S.Ct. 256 (1991).
 
 
 9
 Considering the jury instructions as a whole and in their context in the trial, United States v. Pedroni, 958 F.2d 262, 268 (9th Cir.1992), the jury was properly instructed and there was no basis for the lesser included offense instruction. The district court's denial of the possession instruction did not constitute a finding that Kristofferson's testimony concerning Rutz's involvement in the offense was not credible.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3