UNITED STATES of America, Plaintiff,

v.

Allen Medrano PASSI, Defendant.

No. 94–20002–01.

United States District Court,
D. Kansas.

May 3, 1994.

David J. Phillips, Office of Federal Public Defender, Kansas City, KS, James E. Wright, III, Jones, Walker, Waechter, Poi-

tevent, Carrere & Denegre, New Orleans, LA, for Allen Medrano Passi.

Leon J. Patton, Office of U.S. Atty., Kansas City, KS, for U.S.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on defendant Allen Medrano Passi's *Motion to Dismiss* (Doc. # 26). On February 24, 1994, the Grand Jury issued a Superseding Indictment against defendant. Counts I and III charge defendant with sexual abuse in violation of 18 U.S.C. § 2242(1).[1] Counts II and IV allege sexual abuse of a minor in violation of 18 U.S.C. § 2243(a).[2] Defendant urges the Court to dismiss Counts I and III.[3]

Defendant argues that § 2242(1) and the indictment are unconstitutionally vague because § 2242(1) does not define the term "fear" and the indictment does not describe the alleged victim's fear or how defendant allegedly placed the victim in fear.

Because defendant does not claim § 2242(1) violates his First Amendment rights, the Court must evaluate his vagueness claim as the statute is applied to the facts of this case. *See Chapman v. United States*, 500 U.S. 453, 467–68, 111 S.Ct. 1919, 1929, 114 L.Ed.2d 524, 540 (1991). A statute containing a scienter requirement is unlikely to be found void for vagueness because the intent and knowledge requirements do "much to destroy any force in the argument that the application of the [statute] would be so unfair that it must be held invalid." *United States v. Cherry*, 938 F.2d 748, 754 (7th Cir.1991) (citations omitted). Thus, because § 2242(1) requires that the government prove defen-

---

1. Title 18 U.S.C. § 2242(1) makes it unlawful to knowingly cause "another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnaping)."

2. Title 18 U.S.C. § 2243(a) makes it unlawful to knowingly engage in a sexual act with another person who has attained the age of 12 but has not attained the age of 16 and who is at least four years younger than the person so engaging.

3. Count I charges that defendant "knowingly caused another person to engage in a sexual act, namely, penetration of the genital opening of _____ by a finger with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of himself or _____, and did so by placing _____ in fear (other than by threatening or placing that person in fear that any person would be subjected to death, serious bodily injury, or kidnaping)." Count III is virtually identical except it states that on a different date defendant caused _____ to engage in a sexual act, namely contact between the penis and the vulva.

dant "knowingly" induced the conduct "by threatening or placing the other person in fear," defendant bears an especially heavy burden in proving his vagueness challenge. *See Cherry* 938 F.2d at 754.

Both the Seventh and Ninth Circuits have rejected arguments similar to defendant's. *See Cherry*, 938 F.2d at 755; *United States v. Gavin*, 959 F.2d 788, 791 (9th Cir.1992). In *Cherry* the court found that reading § 2242 (prohibiting sexual abuse) in combination with § 2241 (prohibiting sexual assault) provides "at least minimal content to the definition of 'fear'" in that the fear contemplated by § 2242(1) expressly excludes "fear that any person will be subjected to death, serious bodily injury, or kidnaping," which would trigger applicability of section 2241(a)(2). *Cherry*, 938 F.2d at 754. The court further found that the legislative history of § 2242 clearly indicates that Congress intended to prohibit:

> caus[ing] another person to engage in a sexual act by means of express or implied threats or placing another in fear (other than by threats of, or placing in fear of, harm described in proposed section 2241(a)(2)). The requirement of force may be satisfied by a showing that the threat or intimidation created in the victim's mind an apprehension or fear of harm to self or others.

*Id.* (quoting House Report at 16, 1986 U.S.Code Cong. & Admin.News at 6186, 6196). Looking to the same legislative history, the Ninth Circuit found that "[a] reasonable construction of section 2242(1) is that it encompasses all fears of harm to oneself or another other than death, serious bodily injury or kidnapping. A person of ordinary intelligence would understand the kind of fear the statute prohibits is fear of harm to self or others." *Gavin*, 959 F.2d at 791 (citations and quotations omitted).

Defendant claims that the charges in this case are unconstitutionally vague because they do not describe the fear of the alleged victim or how defendant allegedly placed the victim in fear. Defendant states the discovery in this case indicates defendant was a strict disciplinarian as a father and that on occasion defendant would ask his daughter to lay down and take a nap with him, which was his method of initiating sexual activity. Defendant states the discovery indicates his daughter would know he desired sexual activity and she would comply. Defendant contends § 2242(1) requires that defendant place the victim in fear on the date and time in question, which is a different type of fear than the generalized fear of a daughter concerning her disciplinarian father. Defendant states that most children are afraid of their parents at one time or another. Defendant points out that § 2243(a) criminalizes sexual abuse of a minor and contends that if an incestuous relationship exists between parent and child, a generalized fear by the child of the parent should not elevate a § 2243(a) act by the parent into a greater crime under § 2242(1).

Defendant's arguments go more to the sufficiency of the evidence against him, not the constitutionality of the indictment. On its face, § 2242(1) does not automatically include all incestuous relationships. It is possible that a child victim of incest may not fear his or her parent at the time of the sexual act. On the other hand, a strong disciplinarian parent may create a general fear in the child sufficient to sustain a conviction under § 2242(1). *See United States v. Johns*, 15 F.3d 740, 742–43 (8th Cir.1994) (evidence sufficient to support § 2242(1) conviction where defendant cultivated victim's fear and compliance through his position as spiritual teacher and dominated every aspect of victim's life such as choosing her clothes, isolating her from friends, controlling her activities, pulling her out of school to engage in sex, and constantly changing household rules and becoming enraged when they were not followed).

To be sufficient, an indictment must contain "the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend." *United States v. Staggs*, 881 F.2d 1527, 1530 (10th Cir.1989). An indictment that tracks the statutory language is sufficient if the statute "fully, directly, and expressly, without any uncertainty or ambiguity, sets forth all the elements necessary to constitute the offense." *United States v. Sullivan*, 919 F.2d

1403, 1411 (10th Cir.1990) (citations omitted). Here, the indictment recites the statutory elements. Section 2241(1) clearly encompasses fears of harm to oneself or another other than death, serious bodily injury, or kidnapping. Although it may have been preferable for the government to allege particular facts concerning the alleged victim's fear, the Court finds that the indictment is sufficient to put defendant on fair notice of the charges against which he must defend.

The Court believes that defendant has been made aware of the specific factual allegations against him through discovery and/or hearings before the Court. Nevertheless, for absolute clarity, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, the Court in its discretion will grant defendant's request for a bill of particulars describing how defendant allegedly put the victim in fear and the type of fear she allegedly suffered.

**IT IS THEREFORE ORDERED** that *Defendant's Motion to Dismiss* (Doc. # 26) should be and hereby is overruled.

**IT IS FURTHER ORDERED** that on or before May 19, 1994, plaintiff shall file a bill of particulars describing how defendant allegedly put the victim in fear and the type of fear the victim allegedly suffered.