UNITED STATES of America,
Plaintiff–Appellee,

v.

Arnold HANSEN–STURM;   Hansen
Caviar Co., Inc., Defendants–
Appellants.

No. 94–30065.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 1994.

Decided Jan. 5, 1995.

Jon R. Zulauf, Finegold, Zulauf & Engelhard, Seattle, WA, for defendants-appellants.

Helen J. Brunner, Asst. U.S. Atty., Seattle, WA, for plaintiff-appellee.

Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.

NOONAN, Circuit Judge:

Arnold Hansen–Sturm (Hansen–Sturm) and Hansen Caviar Co., Inc. (the Company) appeal their conviction of four violations of the Lacey Act, 16 U.S.C. §§ 3372, 3373(d)(2) and of conspiracy to violate the Lacey Act in violation of 18 U.S.C. § 371.   The appeal requires the application of the statute to the caviar industry and clarification of the rule on lesser included offenses.   We affirm the judgment of the district court.

### FACTS

At trial the evidence on behalf of the government established the following:

Beginning in October 1985 and continuing through December 1990 Hansen–Sturm on behalf of the Company arranged to buy 67 shipments of caviar, totaling 3,200 pounds from Stephen Darnell.   Darnell was unlicensed as a commercial fisherman by the states of Washington and Oregon, nor was he

licensed to sell fish or fish products in these states. The caviar he shipped was made from the roe of Columbia River sturgeon. The Company paid him always in cash and fictitiously recorded the caviar as imported. In a variety of other ways Hansen–Sturm on behalf of the Company did his best to disguise the origin of the caviar and conceal its illegal source.

## PROCEEDINGS

The Company and Hansen–Sturm were indicted for the violations of the Lacey Act and for conspiracy to violate the Lacey Act. Hansen–Sturm was also charged with obstruction of justice for misrepresentations to the grand jury that investigated the case and the withholding of documents that had been subpoenaed. A motion to suppress statements made by Hansen–Sturm to government investigators was denied, the court finding the statements had been made voluntarily. The court also denied a motion to dismiss which alleged that the Lacey Act unconstitutionally delegated congressional authority to foreign legislatures. Darnell pleaded guilty and became a witness for the government.

At trial Hansen–Sturm testified in his own defense and denied that he knew the caviar was made from illegally obtained roe. At the end of the trial, at the government's request, the court charged the jury that it could convict not only of the felonies charged in the indictment but of the lesser included misdemeanor offenses. The Company and Hansen–Sturm were convicted of the misdemeanors.

The defendants filed post-trial motions for acquittal contending that they had been unfairly surprised by the instruction on lesser intent. In the course of reviewing these motions, the district court stated that it had learned "that at least by December 14 of 1992, Mr. Zulauf on behalf of his client directed a letter to the United States Attorney's Office indicating that the lawyers should discuss the misdemeanor provisions of the Lacey Act, 16 U.S.C. § 3373(d)(2). As I understand it, Mr. Zulauf states in his letter that a person is guilty under this provision under the 'should have known' standard."

Hansen–Sturm does not appeal his conviction of obstruction of justice. The Company and Hansen–Sturm appeal their convictions of conspiracy and of violation of the Lacey Act.

## ANALYSIS

■ The defendants strenuously urge that the lesser included offense instructions should not have been given. At some abstract level of discourse it is certainly arguable that a negligent state of mind is not a subset of an intentional state of mind, and we have been directed to find a lesser included offense only where the offense is a subset of the elements of the greater offense. *Schmuck v. United States,* 489 U.S. 705, 716, 109 S.Ct. 1443, 1450–51, 103 L.Ed.2d 734 (1989). Whatever the merits of the abstract argument, it is established in the criminal law of this country that a negligent state of mind does qualify as a lesser element of an intentional state of mind. *Schmuck* itself cited with approval *Stevenson v. United States,* 162 U.S. 313, 16 S.Ct. 839, 40 L.Ed. 980 (1896), which held that manslaughter is a lesser included offense of murder. *See Schmuck,* 489 U.S. at 720, 109 S.Ct. at 1452–53, *citing Stevenson,* 162 U.S. at 320, 16 S.Ct. at 841–42. The American Law Institute, Model Penal Code (1985) § 1.07(4), while acknowledging the conceptual difficulty, takes the position that a jury may convict for negligence where the offense charged was intentional. Commentary on Section 107, Model Penal Code 133–34. As the Fifth Circuit has observed: "federal courts regularly submit involuntary manslaughter to juries as a lesser included offense of murder" even though involuntary manslaughter requires a state of mind that is grossly negligent rather than intentional. *United States v. Browner,* 889 F.2d 549, 553 (5th Cir.1989).

The defendants rely on *United States v. Gavin,* 959 F.2d 788 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1017, 122 L.Ed.2d 164 (1993), where we noted, in upholding a lesser included offense conviction, that "the requirement that the same intention characterize each crime is satisfied." *Id.* at 792. But our statement was directed to

distinguishing *Gavin* from *United States v. Sneezer*, 900 F.2d 177, 178–79 (9th Cir.1990), where one crime which required a specifically different intention was held not to be included within another crime; in *Gavin* there was no question about a less culpable mental state, such as negligence, being included within an intentional state.

The defendants contend that at least they should not be convicted of conspiracy to perform a negligent act, pointing out that conspiracy is a crime requiring intention. However, this point is controlled by *United States v. Thomas*, 887 F.2d 1341, 1346–47 (9th Cir.1989), explicitly holding that conspiracy in violation of 18 U.S.C. § 371 can be proved when the conspirators agree to conduct which they should have known was in violation of the Lacey Act. As in *Thomas*, the conspirators in the exercise of due care should have known that the protected prey was taken and possessed in violation of state law.

The defendants press that they were unfairly surprised by the government's request for the instructions on lesser included offenses. They should not have been surprised. They knew from the earlier explorations of the law by counsel what was included within the indictment. They had put on the stand the principal defendant who, if the jury believed him, had established his innocence of the intentional felonies charged, but had not established his innocence as far as the care a person in his position should have exercised. There was no appropriate ground on which the government could have asked for the instructions on lesser included offenses prior to Hansen–Sturm's own testimony.

The other points raised on appeal are insubstantial. The admission of statements by Lawrence Robertson, a lawyer who represented both the Company and Hansen–Sturm, was the admission of statements during the existence of the agency relationship and were fully admissible. The motion to suppress statements of Hansen–Sturm was also properly denied. They were made by Hansen–Sturm, a well-educated businessman, and made either in his office or over the telephone during normal business hours;

they were not made in a custodial setting. His belief that he could not refuse to answer questions posed by regulatory officials did not constitute coercion.

Finally, the contention that the Lacey Act is an unconstitutional delegation of congressional authority is frivolous. *United States v. Molt*, 599 F.2d 1217, 1219 n. 1 (3d Cir. 1979).

AFFIRMED.