**UNITED STATES COURT OF APPEALS**

**October 2, 2008**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEFFREY LEE FISH,

    Defendant - Appellant.

No. 08-6007

(W.D. Oklahoma)

(D.C. No. 5:07-CR-00124-M-1)

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

Jeffrey Lee Fish pleaded guilty to knowingly transporting a minor in interstate commerce with the intent to engage in unlawful sexual activity. *See* 18 U.S.C. § 2423(a). The United States District Court for the Western District of Oklahoma sentenced him to 111 months' imprisonment. Mr. Fish appeals his sentence, contending that the district court erred in applying the sentencing guideline for criminal sexual abuse because the victim's account was not credible

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and, in any event, that account did not show that the victim was placed in fear of bodily injury. Mr. Fish also contends that the court considered improper factors and abused its discretion in imposing an upward variance of 24 months to his sentence. Exercising jurisdiction under 18 U.S.C. § 3742(a), we affirm. The court could reasonably believe the victim, the fear required to show criminal sexual abuse need not be fear of bodily injury, and the court's variance was lawful.

## I. BACKGROUND

The victim, Mr. Fish's nephew, gave the following account: Mr. Fish, an over-the-road commercial truck driver, took his 13-year-old nephew on a trip from Oklahoma City to California during the summer of 2004. On the trip he asked his nephew to perform sexual acts. When his nephew refused, he told him that he would leave him on the side of the road if he did not do what Mr. Fish asked. Over the course of the trip, Mr. Fish sexually molested his nephew several times, holding him down on at least one occasion. At the end of the trip Mr. Fish warned his nephew that if he told anyone about what had happened, Mr. Fish would kill the boy's family members. In February 2007 the nephew told law-enforcement officials what had occurred on the trip.

Mr. Fish did not deny engaging in sexual acts with his nephew, but maintained that the acts were consensual and that he had not made any threats. He claimed that Charles Pallazola, a fellow truck driver with whom his nephew

was familiar, traveled with them in a separate truck, and that his nephew could have gone to Mr. Pallazola for help if he had felt threatened. (The nephew recalled that a driver named Chuck had traveled with Mr. Fish and him on a trip, but he thought that it was a different trip.) Additional facts suggesting that the boy's account was false, argued Mr. Fish, were his failure to report the abuse immediately and his maintenance of a familial relationship with his uncle after the alleged abuse.

Nevertheless, Mr. Fish pleaded guilty. In sentencing him the district court applied the 2003 edition of the United States Sentencing Guidelines (USSG), and all references will be to that edition. USSG § 2G1.1 is generally the guideline for "Prohibited Sexual Conduct," but § 2G1.1(c)(2) cross-references § 2A3.1, saying that it should apply "[i]f the offense involved criminal sexual abuse." Application Note 10 to § 2G1.1 explains that criminal sexual abuse is defined in 18 U.S.C. §§ 2241 and 2242.

Finding that the cross-reference to § 2A3.1 applied, the district court started with a base offense level of 27, *see* USSG § 2A3.1(a), and raised the level by 2 because of the victim's age, *see id.* § 2A3.1(b)(2)(B), and another 2 because the victim was in the custody, care, and supervisory control of Mr. Fish at the time of the offense, *see id.* § 2A3.1(b)(3). It then reduced the offense level by 3 based on Mr. Fish's acceptance of responsibility, *see id.* § 3E1.1(b), resulting in a total offense level of 28. Given Mr. Fish's criminal-history category of I, the

guideline sentencing range was 78 to 97 months.  The court, however, determined that an upward variance of 24 months was appropriate in accordance with the sentencing factors set forth in 18 U.S.C. § 3553(a).  It then sentenced Mr. Fish to 111 months' imprisonment, which was about the middle of the upperwardly varied sentencing range.

On appeal Mr. Fish contends first that the district court erred in adopting the cross-reference to § 2A3.1 because (1) the court made an erroneous factual finding that he used threats to coerce his nephew into submitting to sexual abuse, and (2) the cross-reference does not apply as a matter of law because his threats were not sufficient to create a fear of physical bodily injury.  Mr. Fish also contends that the court erred in imposing an upward variance of 24 months.

## II.     DISCUSSION

### A.     Cross-Reference to § 2A3.1

#### 1.     Factual Findings

We review for clear error the factual findings of the district court relating to sentencing.  *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). Mr. Fish contends that the court committed clear error by believing the victim's testimony regarding threats.  He points to inconsistencies in his nephew's testimony, as well as evidence of behavior by his nephew that was inconsistent with his story of abuse.

But we will hold the court's reliance on a witness's testimony to be clear error only if that testimony was unbelievable on its face. *See United States v. Virgen-Chavarin*, 350 F.3d 1122, 1134 (10th Cir. 2003). The nephew's testimony was not unbelievable on its face. The district court could rationally believe that (1) a 16-year-old boy forgot that another truck driver accompanied him on a particular trip three years earlier and (2) the boy was intimidated into keeping the abuse secret from his uncle's friend and fellow truck driver and from his family, even continuing to maintain a familial relationship with his uncle. The court did not clearly err in relying on the nephew's testimony.

### 2.    Meaning of Criminal Sexual Abuse

We review de novo the legal determinations of the district court relating to sentencing. *Kristl*, 437 F.3d at 1054. Under USSG § 2G1.1 the court should apply § 2A3.1 to prohibited sexual conduct if the offense involved criminal sexual abuse prohibited by either 18 U.S.C. § 2241 or § 2242(1). *See* USSG § 2G1.1(c)(2); *id.* cmt. n.10. Section 2241 prohibits causing another "to engage in a sexual act" by use of force or "by threatening or placing [the victim] in fear that any person will be subjected to death, serious bodily injury, or kidnapping." Section 2242(1) prohibits "caus[ing] another person to engage in a sexual act by threatening or placing [the victim] in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping)."

Mr. Fish contends that § 2A3.1 applies only if the defendant placed the victim in fear of bodily injury. But 18 U.S.C. § 2242(1) requires only "fear" in general. In this case Mr. Fish told his nephew that if he did not do as he was told, Mr. Fish would leave him on the side of the road. Such a threat would certainly induce significant fear in a 13-year-old boy who was thousands of miles from his home and family.

Our precedents are not to the contrary. Although we have held that placing a victim in fear of bodily injury can constitute a violation of § 2242(1), *see United States v. Castillo*, 140 F.3d 874, 885 (10th Cir. 1998), we have not said that placing a victim in fear of bodily injury, as opposed to fear of another sort, is a necessary element of the offense. Indeed, we have declared that the meaning of *fear* in § 2242(1) "is very broad." *Id.*

Two sister circuits have also adopted a broad interpretation of fear. In *United States v. Johns*, 15 F.3d 740 (8th Cir. 1994), the defendant, who lived in an intimate relationship with the victim's mother, dominated every aspect of the victim's life: "choosing her clothes, isolating her from friends and her biological father, controlling her activities, pulling her out of school to engage in sex, and constantly changing household rules and becoming enraged when they were not followed," *id.* at 743. As the victim's spiritual teacher, he told his victim that if she did not follow his commands, she would be rejected by the spirits, which would "result in harm to her or a loved one, such as illness or inability to have

-6-

children." *Id.* at 742. The Eighth Circuit ruled that the defendant had placed his

victim in fear within the meaning of § 2242(1). *Id.* at 743. And the Ninth Circuit

expressed a broad view when it said:

> A reasonable construction of section 2242(1) is that it encompasses
> all fears of harm to oneself or another other than death, serious
> bodily injury or kidnapping. A person of ordinary intelligence would
> understand the kind of fear the statute prohibits is fear of harm to
> self or others. The possible range of "harm," like the possible range
> of "fear," is very large.

*United States v. Gavin*, 959 F.2d 788, 791 (9th Cir. 1992).

In addition, we find persuasive an unpublished opinion by a panel of this

court. In *United States v. King*, Nos. 99-2333, 99-2306, 2000 WL 725480 (10th

Cir. June 6, 2000), the panel determined that a medicine man, who sexually

abused his victim under guise of treatment, violated § 2242(1). The medicine

man told his victim that her difficulties sleeping and eating would not abate

unless she allowed him to remove an object inside her groin area. *Id.* at *4.

Because the victim would not have submitted to this abuse "but for the physical

and spiritual consequences she feared would occur if she did not submit to his

treatment," the panel determined that the medicine man had placed his victim in

fear within the meaning of § 2242(1). *Id.*

These cases confirm our view that Mr. Fish violated § 2242(1) even if he

did not place his nephew in fear of bodily injury. Some types of threatened harm

may be too trivial to satisfy § 2242(1) (and hence too trivial to invoke the cross-

reference in USSG § 2G1.1), but the harm to a 13-year-old from being stranded far from home is hardly trivial.

## B.    Upward Variance

Mr. Fish appears to raise both a procedural and a substantive challenge to the 24-month upward variance imposed by the district court.  The alleged procedural error is that the court improperly relied on factors inherent in the offense or already considered in the advisory guideline range when imposing the upward variance.  *See United States v. Smart*, 518 F.3d 800, 803–04 (10th Cir. 2008) (consideration of improper factors is procedural error).  The alleged substantive error is that the court arrived at an unreasonably long sentence in weighing the § 3553(a) factors.

### 1.    Procedural Challenge

In determining that an upward variance was appropriate, the district court considered the totality of the circumstances surrounding Mr. Fish's offense:

> The victim in this case was defendant's nephew and was thirteen years old at the time of the offense.  [He] testified that this trip was the first trip that he had taken alone with defendant.  [He] further testified that defendant engaged in sexual acts with him five times during the trip, that [he] had refused to engage in the acts, that defendant held him down during one of the sexual acts, that defendant had told him on a number of occasions that if he did not comply, he would leave [him] on the side of the road, and at the conclusion of the trip, defendant told [him] that he would kill [his] family if he told anybody about what had happened.  Additionally, all of the sexual acts occurred while defendant and [he] were on a cross country trip, away from any surroundings or people familiar to [him].

Aplt.'s Br., Attach. E at 5–6.

Mr. Fish is correct that some of these circumstances—such as the cross-country nature of the trip and the victim's age—are inherent in the charged offense (interstate transportation) or the guidelines calculation (offense-level increase based on victim's age). But the district court need not distinguish the defendant from the ordinary offender contemplated by the Guidelines in order to impose an upward variance. "[D]istrict courts are now allowed to contextually evaluate each § 3553(a) factor, including those factors the relevant guideline(s) already purport to take into account, even if the facts of the case are less than extraordinary." *Smart*, 518 F.3d at 808. The court thus did not commit procedural error. (In any event, other factors considered by the court were not inherent in the offense or the guidelines calculation: that Mr. Fish engaged in sexual acts with his nephew several times during the trip, that he held down his nephew during one of the sexual acts, and that he threatened to kill his nephew's family members if the boy told anyone about what had happened.)

### 2. Substantive Challenge

We review the substantive reasonableness of the sentence only for an abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 591 (2007).

> [W]e must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. . . . It is not for the Court of Appeals to decide de novo whether the justification for a variance is sufficient or the sentence reasonable, and we must therefore defer not only to a district court's factual

findings but also to its determinations of the weight to be afforded to such findings.

*Smart*, 518 F.3d at 808 (citations and internal quotation marks omitted).

Although imposing a 24-month upward variance was not the only reasonable choice available to the district court, we discern no abuse of discretion under this court's standard of review. *See United States v. Wittig*, 528 F.3d 1280, 1286 (10th Cir. 2008).

We AFFIRM the sentence and judgment below. The motions to seal the briefs are denied.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-10-