NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. MICHAEL BURCIAGA, Defendant - Appellant. | No. 23-2663 D.C. No. 3:20-cr-00060-MMD-CLB-1 MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted June 4, 2025
San Francisco, California

Before: CALLAHAN, BADE, and KOH, Circuit Judges.

Following the killing of Amanda Davis ("Davis") and her unborn child, a

jury convicted Michael Joshua Burciaga ("Burciaga") of first-degree murder within

Indian Country (18 U.S.C. §§ 1111, 1151, 1152), causing the death of an unborn

child within Indian Country (18 U.S.C. §§ 1841(a)(1), 1111, 1151, 1152), and

domestic assault by a habitual offender within Indian Country (18 U.S.C.

---

*This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

§ 117(a)(1)).  Burciaga appeals his conviction and sentence.  We presume the parties' familiarity with the facts and discuss them only as necessary for context.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.  We affirm.

1.  First, Burciaga argues that the evidence was insufficient to convict him of first-degree murder and that the district court erred in denying his motion for judgment of acquittal.  We review the district court's denial of a motion for judgment of acquittal de novo.  *United States v. Aubrey*, 800 F.3d 1115, 1124 (9th Cir. 2015).  To determine whether evidence is sufficient to support a conviction, the court views the evidence in the light most favorable to the government and must affirm if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (original emphasis in *Jackson*)).

Burciaga first asserts that the evidence is insufficient to prove he acted with premeditation and deliberation.  Premeditation is a necessary element of first-degree premeditated murder under 18 U.S.C. § 1111(a).  *See United States v. Begay,* 673 F.3d 1038, 1042 (9th Cir. 2011) (en banc).  The question here is whether there was enough time "after forming the intent to kill, for [Burciaga] to have been fully conscious of the intent and to have considered the killing."  Model Crim. Jury Instr. 9th Cir. 16.1 (2024); *see also United States v. Reza-Ramos*, 816

2                                                    23-2663

F.3d 1110, 1123 (9th Cir. 2016). We conclude that a rational juror could find that in the time between leaving the bedroom after stabbing Davis with a knife from next to the bed, going to the kitchen to grab another knife, returning to the bedroom, and breaking through the barricaded bedroom door, he became fully conscious of his intent to kill Davis, considered it, and acted upon it when he re-entered the room and began stabbing Davis.

Burciaga next argues that there is insufficient evidence to prove malice aforethought. We disagree. A person acts with malice aforethought when they kill "either deliberately and intentionally or recklessly with extreme disregard for human life." *United States v. Houser*, 130 F.3d 867, 872 (9th Cir. 1997). As this court explained in *United States v. Pineda-Doval*, 614 F.3d 1019 (9th Cir. 2010), malice aforethought requires a quantum of risk that is very high and requires that the nature of the risk concern injury to others. *Id.* at 1038 (explaining that malice aforethought requires conduct creating "a very high degree of risk of injury to other persons" and that the defendant "be aware of that risk" (quotation marks and alterations omitted)).

Here, a rational juror could conclude that stabbing Davis with knives created a very high risk of injury to Davis and that Burciaga was aware of that risk. Therefore, we conclude that there is sufficient evidence to sustain the jury's conclusion that Burciaga acted intentionally or recklessly and with extreme

3                                                                      23-2663

disregard for human life when he used multiple knives to stab Davis 18 times and to inflict over 20 additional incision wounds.

2. Second, Burciaga argues that the district court erred in failing to instruct the jury that the government had to prove beyond a reasonable doubt that Burciaga did not act in the heat of passion or upon a sudden quarrel to convict him of first-degree murder. The standard of review for an alleged jury instruction error "varies based on the nature of the alleged error." *United States v. Cortes*, 757 F.3d 850, 857 (9th Cir. 2014) (quoting *United States v. Keyser,* 704 F.3d 631, 641 (9th Cir. 2012)). Because Burciaga challenges the district court's legal determination not to give a defense instruction, we review the alleged error de novo. *United States v. Mincoff*, 574 F.3d 1186, 1192 (9th Cir. 2009) (citation omitted).

"A defendant is entitled to an instruction upon his theory of the case if the record contains evidentiary support for the theory and the theory is supported by law." *United States v. Lesina*, 833 F.2d 156, 160 (9th Cir. 1987). Burciaga presented only three statements by Davis that he alleges constitute sufficient evidence of provocation to warrant a provocation jury instruction. Words alone, however, generally do not make for adequate provocation. *See Allen v. United States*, 164 U.S. 492, 497 (1896); *see also United States v. Roston*, 986 F.2d 1287, 1291 (9th Cir. 1993); *United States v. Wagner*, 834 F.2d 1474, 1487 (9th Cir. 1987). Therefore, we find that the statements in this case are insufficient evidence

of provocation to warrant a defense theory instruction on heat of passion.

3. Third, Burciaga argues the evidence was insufficient to convict him of causing the death of an unborn child within Indian country. To determine whether evidence is sufficient to support a conviction, the court views the evidence in the light most favorable to the government and must affirm if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Nevils*, 598 F.3d at 1163–64 (quoting *Jackson*, 443 U.S. at 319 (original emphasis in *Jackson*)).

Here, the jury was presented with evidence that the fetus died due to lack of blood flow through the placenta after Davis's death, and importantly, with evidence that there was fetal movement the night prior to Davis's death. Burciaga presented the jury with alleged inconsistencies, contradictions, and challenges to this evidence, but the jury nonetheless convicted. Viewing the evidence in the light most favorable to the government, we find that the evidence was sufficient for a rational trier of fact to find Burciaga guilty of causing the death of an unborn child within Indian country.

4. Fourth, Burciaga argues that the district court constructively amended Count Two in violation of his Fifth Amendment right. We review whether the district court constructively amended an indictment de novo. *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 984 (9th Cir. 2020). Here, despite the indictment

specifically alleging first-degree murder as the predicate offense to Count Two causing the death of an unborn child within Indian Country, the district court instructed the jury that either the crime of murder or manslaughter can be the predicate offense. This, Burciaga says, was error because it expanded the *mens rea*. We disagree.

Because the *mens rea* for both murder and voluntary manslaughter is the same, the district court did not expand or modify the *mens rea* requirement by instructing that voluntary manslaughter could form the predicate offense for Count Two. *See United States v. Draper*, 84 F.4th 797, 803 (9th Cir. 2023). Additionally, because involuntary manslaughter is a lesser-included offense to murder, the district court did not err by instructing that involuntary manslaughter could form the predicate offense for Count Two. *See United States v. Hansen-Sturm*, 44 F.3d 793, 794 (9th Cir. 1995); *see also United States v. Carlson*, 533 F. App'x 743, 744 (9th Cir. 2013).

5. Fifth, Burciaga argues the district court abused its discretion by shackling him during trial. The district court's decision to shackle a defendant is reviewed for abuse of discretion, *United States v. Cazares*, 788 F.3d 956, 963 (9th Cir. 2015), and underlying factual findings for clear error, *Spain v. Rushen*, 883 F.2d 712, 717 (9th Cir. 1989). Shackling orders are governed by the following test: "(1) the court must be persuaded by compelling circumstances that some measure was

6                                                                                      23-2663

needed to maintain the security of the courtroom; and (2) the court must pursue less restrictive alternatives before imposing physical restraints." *Cazares*, 788 F.3d at 963 (citation and quotations omitted).

Here, the district court did not abuse its discretion in placing nonvisible leg-restraints on Burciaga. As Burciaga concedes, the district court ordered him shackled based on the U.S. Marshal's conclusion that he presented as a risk in court and as an escape risk. Based on this compelling circumstance, the district court imposed a less restrictive form of shackling—leg shackles—to secure the courtroom. This was not error.

Additionally, there is no evidence that any of the jurors saw the leg shackles. Indeed, Burciaga cites no evidence that any juror saw or was even aware of the leg shackles. Therefore, even if the district did err in shackling Burciaga, it was harmless. *See Rhoden v. Rowland*, 172 F.3d 633, 636 (9th Cir. 1999) ("[W]hen the defendant's shackling was not actually seen by the jury during the trial, we have held that the shackling was harmless error.").

6. Sixth, Burciaga argues the government engaged in prosecutorial misconduct by failing to meet its disclosure obligations. We review claims of prosecutorial misconduct for harmless error. *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190 (9th Cir. 2015). Error is harmless unless "it is more probable than not that the prosecutor's conduct materially affected the fairness of the trial."

23-2663

*United States v. Hermanek*, 289 F.3d 1076, 1102 (9th Cir. 2002). Burciaga argues that the government engaged in prosecutorial misconduct by failing to disclose an unrecorded and undocumented statement by Davis's mother that she felt fetal movement the night before Davis's death.

The district court noted that the "prosecutors' decision to intentionally not take note of this material evidence is concerning, particularly when viewed in the context of this case." *United States v. Burciaga*, No. 20-CR-60-MMD-CLB-1, 2023 WL 6197335, at *2 (D. Nev. Sept. 22, 2023). We share this concern. However, we ultimately agree that the government did not commit prosecutorial misconduct in this instance. We also agree with the district court that neither the Jencks Act nor Federal Rule of Criminal Procedure 16 required the disclosure of this statement. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 16(E).

7. Seventh, Burciaga argues that the district court erred by denying his motion for a mistrial based on an outburst by the victim's son during trial. We review the district court's denial of a motion for a mistrial for abuse of discretion. *United States v. Ubaldo*, 859 F.3d 690, 700 (9th Cir. 2017). A "mistrial is appropriate only where there has been so much prejudice that an instruction is unlikely to cure it." *United States v. Escalante*, 637 F.2d 1197, 1203 (9th Cir. 1980).

Burciaga argues that the district court abused its discretion in denying his

motion for a mistrial following a spontaneous outburst from Davis's son after Davis's son's testimony. We disagree. Here, there was not such overwhelming prejudice that the district court's instruction could not cure the outburst. We presume that the jury followed the district court's curative instruction "to disregard inadmissible evidence inadvertently presented to it," and we further find that there is no indication that the prejudice here was so great to be "devastating" to Burciaga. *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987). Accordingly, the district court did not err in denying the motion.

8. Eighth, Burciaga argues that the district court abused its discretion by denying him an evidentiary hearing for his motion to suppress evidence. We review the district court's denial of an evidentiary hearing on a motion to suppress for abuse of discretion. *United States v. Cook*, 808 F.3d 1195, 1201 (9th Cir. 2015).

Burciaga argues that the district court erred in denying him an evidentiary hearing on his motion to suppress because there was a question of fact as to whether the combination of Dilaudid, alcohol, methamphetamine, and severe pain influenced his *Miranda* waiver. To determine the validity of a *Miranda* waiver, a court looks to the totality of the circumstances surrounding the interrogation. *See Moran v. Burbine*, 475 U.S. 412, 421 (1986). Here, the district court engaged in this totality analysis without the need for an evidentiary hearing. A review of the

record demonstrates that the district court had complete evidence of the circumstances surrounding the *Miranda* waiver, including multiple recordings of Burciaga. The district court accepted certain facts regarding substances and medication consumed by Burciaga and folded those facts into its waiver analysis. There were no factual disputes remaining that would require the district court to hold an evidentiary hearing. *See United States v. Pedroni*, 958 F.2d 262, 267 (9th Cir. 1992). Accordingly, the district court did not abuse its discretion in denying Burciaga an evidentiary hearing on his motion to suppress.

9. Ninth, Burciaga argues that the district court committed five evidentiary errors resulting in prejudice and warranting a new trial. We review the district court's decision to admit or exclude evidence for abuse of discretion. *United States v. Alvirez*, 831 F.3d 1115, 1120 (9th Cir. 2016). Evidentiary rulings will be reversed for abuse of discretion only if the error more likely than not affected the verdict. *United States v. Reyes*, 660 F.3d 454, 463 (9th Cir. 2011).

Burciaga argues the district court erred in (a) admitting five prior acts of domestic violence, (b) admitting statements made by Davis's children that the district court concluded were excited utterances, (c) admitting Burciaga's statement to the investigating FBI Agent without the accompanying transcript, (d) declining to admit statements Burciaga made to his psychiatrist, and (e) declining to admit jail medical and psychiatric records.

10

The district court properly relied on *United States v. Berckmann*, 971 F.3d 999 (9th Cir. 2020) to find that these instances of domestic violence are "textbook examples of evidence admissible under 404(b)" and thus did not err in admitting them. *Id.* at 1002. The district court did not abuse its discretion in determining that statements made by Davis's two children, who were ages six and seven at the time, were made while they were still under the stress of this violent and exciting event. *See United States v. Rivera*, 43 F.3d 1291, 1296 (9th Cir. 1995). And the district court did not abuse its discretion by declining to admit the certified transcript of Burciaga's conversation with the investigating FBI Agent because although a district court may admit certified transcripts into the record, it is not required to do so. *See United States v. Tisor*, 96 F.3d 370, 377 (9th Cir. 1996).

Further, the district court did not err in declining to admit the statements Burciaga made to his psychiatrist because the statements were made almost two months prior to the killing and they lacked a nexus to Burciaga's state of mind at the time of the killing. And finally, the district court did not err in excluding portions of Burciaga's medical and psychiatric records while he was in jail after the killing of Davis occurred. The district court was within its discretion to evaluate these jail records, assess the relevance, and make a determination on that basis, and Burciaga cites no authority to the contrary.

Because the district court did not err in any of the evidentiary rulings

11                                                          23-2663

discussed above, there was no cumulative error. *See United States v. Preston*, 873 F.3d 829, 835 (9th Cir. 2017).

10. Lastly, Burciaga argues the written judgment does not comport with the district court's oral pronouncement. We review discrepancies between the oral sentencing pronouncement and the written judgment de novo. *United States v. Montoya*, 82 F.4th 640, 646 (9th Cir. 2023) (en banc). "When there is a discrepancy between an unambiguous oral pronouncement of a sentence and the written judgment, the oral pronouncement controls." *United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015) (citation omitted).

Here, Burciaga correctly points out that the written judgment and the oral pronouncement do not match. The government agrees but argues that the written judgment resolved an ambiguity from the oral pronouncement. We agree with Burciaga. Here, the oral pronouncement and the written judgment say two different things, and the latter does not work to clarify the ambiguity of the former. Therefore, we "remand so that the district court can make the written judgment consistent with the oral pronouncement." *Id.*

**AFFIRMED** and **REMANDED** for the district court to make the written judgment consistent with the oral pronouncement.