# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-2293

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

SAMUEL T. HENZEL,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:11-cr-00011-001-TWP-KPF-1—**Tanya Walton Pratt,** *Judge.*

ARGUED JANUARY 25, 2012—DECIDED FEBRUARY 17, 2012

Before BAUER, POSNER and ROVNER, *Circuit Judges*.

BAUER, *Circuit Judge*. Samuel T. Henzel pleaded guilty to traveling across state lines with the intent to engage in illicit sexual conduct, 18 U.S.C. § 2423(b). He was given a prison sentence of 135 months, which the district court and the parties assumed to be above the applicable Guidelines range. On appeal, Henzel challenges only the reasonableness of that sentence, arguing that the district court did not give adequate reasons for the variance. We disagree. Moreover, although the

point was overlooked by the parties, the district court miscalculated the imprisonment range favorably to Henzel, and the sentence imposed is actually within the correctly calculated range. We affirm the judgment.

## I.  BACKGROUND

In October 2010, a 12-year-old girl called the police in Westfield, Indiana, and reported that she had just left a hotel where she was sexually assaulted by a man named Sam. Police went to the hotel and found Henzel, who fit the girl's description of her attacker. He was questioned by the police officers and confessed to engaging in sexual activity with the girl.

Henzel, who lived in Oak Park, Illinois, explained to the police that he and the girl had become acquainted a month earlier through an Internet chat room frequented by fans of online video games. He acknowledged that she told him she was 12, but he had lied about his age, first saying he was 14 and later saying he was old enough to drive. In fact he was 29. The Internet chats evolved into text messaging and phone calls, and Henzel soon told the girl that he would travel to Indiana to meet her. They intended to have sex, Henzel insisted, but the girl told authorities that sexual activity had not been discussed and instead they planned to play video games. The girl was to ride her bike the five miles from her home to the hotel, but when she had difficulty covering the distance, she called Henzel, who drove out to meet her. The two had not exchanged photos before this, and Henzel acknowledged

to the police that the girl was shocked and nervous when she first saw him on the street because he was so much older than she had expected.

Henzel admitted during this confession that, when he told the girl to get in his car, she at first had refused and said she preferred to follow him to the hotel on her bike. When she could not keep up, however, Henzel had told her again to get in his car and said to leave her bike by the roadside. He drove her to the hotel where, by Henzel's admission, she told him that she was unsure whether she wanted to have sex. According to Henzel, the two "ended up going to bed." He admitted engaging in sexual activity and also corroborated the girl's statement to police that she had been given marijuana and alcohol. When the officers told Henzel that the girl had reported feeling forced to perform sexual acts against her will, Henzel said that he understood why she felt that way but that was not his intention.

In her interviews with authorities and her testimony at the sentencing hearing, the girl filled in the details omitted by Henzel. When she first saw him and realized his true age, the girl said, the situation had been scary. Although frightened, she did as she was told and tried following him to the hotel on her bike because she "felt like maybe he had something with him if I didn't try to go." When after a few minutes she stopped her bike and began crying, Henzel pulled up and told her to get in his car. Once they were in the hotel room, Henzel began stroking her arm. She told him not to try "anything he knows he's not supposed to be doing," and Henzel said he would not.

They then played a video game for five to ten minutes, but when the girl paused to select a different game, Henzel had slapped her on the buttocks. By then she "felt really, really badly uncomfortable," though she had kept quiet and decided to "try to get out" by pretending to be tired. She curled up on the bed and told Henzel she was tired and didn't want to do anything. He responded by saying she was only acting and resumed touching her arm. The girl left the bedroom and sat on the couch in the other room of the two-room suite, but Henzel followed. He gave her a beverage mixed with alcohol and handed her marijuana in a glass pipe, directing her to drink the alcohol and smoke the marijuana. He blew marijuana smoke directly into the girl's mouth. She then went back into the bedroom to avoid him.

Once more Henzel followed. The girl sat on the bed with her knees up to her chin, and Henzel began to kiss and undress her. She wanted to tell him to stop yet remained quiet because she was "really scared." She crossed her legs to stop Henzel from removing her pants, and told him that she felt uncomfortable. Henzel responded that he would not hurt her, but continued to remove her clothes. When he removed her underwear, the girl began to whimper. Henzel told her they were going to have sex, and she answered that she did not want to have sex with him. Henzel pressed on anyway and engaged in oral sex with her for about three minutes. He then attempted vaginal sex, and the girl whimpered loudly from the pain. Henzel paused, and the girl said she had to leave. He replied that he

hadn't "come all this way for just this to happen," but the girl dressed quickly and left the hotel. She immediately called her mother and then the police. The girl testified that she felt scared and helpless with Henzel, and that she told him at least ten times that she did not want to do anything sexual, but he ignored her protests.

The probation officer who prepared the presentence investigation report started with U.S.S.G. § 2G1.3, which is the default Chapter 2 Guideline for violations of 18 U.S.C. § 2423(b). That Guideline provides for a base offense level of 24 but also includes a cross-reference to U.S.S.G. § 2A3.1 "[i]f the offense involved conduct described in 18 U.S.C. § 2241 or § 2242." *See* U.S.S.G. § 2G1.3(a)(4), (c)(3). Sections 2241 and 2242 both involve causing another person to engage in a sexual act. The former, denominated as "aggravated sexual abuse," includes as an element the use of force or a threat of death, serious bodily injury, or kidnapping. 18 U.S.C. § 2241(a). The latter, denominated simply as "sexual abuse," does not require evidence of force or the type of serious threat associated with § 2241; rather, the offense is committed "by threatening or placing that other person in fear (other than by threatening or placing that other person in fear . . . [of] death, serious bodily injury, or kidnapping)." *Id*. § 2242(1).

The probation officer concluded that Henzel's crime "involved conduct described in 18 U.S.C. § 2241(a) or (b)" and thus applied the cross-reference to § 2A3.1. Under that Guideline, the base offense level for a violation of § 2241 is 30 if the victim was 12 or older, and 38 if

younger. U.S.S.G. § 2A3.1(a)(1), (2). In cases where the victim was at least 12 years old, 4 levels are added if the defendant's actions violated § 2241, 2 levels are added if the victim was under 16, and 2 levels are added if a computer was used to entice the minor. *Id*. § 2A3.1(b)(1), (2), (6). The probation officer reasoned that Henzel had committed a violation of § 2241 against a 12-year-old, and thus calculated a total offense level of 35 (a base offense level of 30; upward adjustments of 4 levels for violating § 2241, another 2 levels due to the girl's age, and 2 more for use of a computer; less 3 levels for acceptance of responsibility). The level 35, coupled with Henzel's single criminal history point, yielded a Guidelines imprisonment range of 168 to 210 months. Because the probation officer had concluded that Henzel's conduct constituted *aggravated* sexual abuse in violation of § 2241, she did not further analyze in the presentence report what the imprisonment range would be if Henzel's conduct instead met only the lower evidentiary threshold for sexual abuse as defined in § 2242.

Henzel objected to the probation officer's calculations. He argued that he did not employ "force or threats" leading to sexual contact, and thus the probation officer had wrongly concluded that his actions constituted conduct described in § 2241. It followed, he insisted, that the cross-reference to § 2A3.1 did not apply. And under § 2G1.3, Henzel continued, his total offense level would be 25, and his imprisonment range, 57 to 71 months. In his written objections, Henzel asserted in a single sentence that he "did not engage in

any of the conduct described in" § 2241 or § 2242, and his only reference to the statutory elements of the latter implies that a violation occurs only if the victim's fear derives from *threats*. The government did not object to the probation officer's calculations, and the probation officer rejected Henzel's objection with the explanation that the cross-reference was "accurately applied."

That same posture carried over to the sentencing hearing. By then Henzel had changed counsel (to his third and current lawyer), who argued that the cross-reference could not apply because "absolutely no force was used, no force was threatened by Mr. Henzel." As counsel put it, "I didn't hear from her the testimony that he had struck her; pinned her down to the bed by the force of his body weight; kept her on the bed while these things were happening; that he had threatened to hurt her or her family." But defense counsel did not discuss § 2242, or its lesser requirement of a sexual act induced by *fear* whether or not attributable to a threat by the defendant. The prosecutor did draw the district court's attention to § 2242, "just . . . for the Court's point of view," but insisted that "this was a forced sexual encounter."

Having heard testimony from the victim and a detective who interviewed Henzel immediately after his arrest, the district judge concluded that "the government has not met the burden by a preponderance of the evidence to allow the Court to give the cross reference" to § 2A3.1. The judge did not explain this conclu-

sion. The court then turned back to § 2G1.3 and applied the base offense level of 24 found in subsection (a)(4). To this the court added a total of 6 levels because Henzel had misrepresented his age, used a computer, and engaged in sexual acts with the girl, U.S.S.G. § 2G1.3(b)(2-4). After subtracting 3 levels for acceptance of responsibility, *id.* § 3E1.1, the court reached a total offense level of 27. With a criminal history category of I, Henzel faced a Guidelines imprisonment range of 70 to 87 months.

Henzel's attorney asked for the minimum period of incarceration, noting that Henzel is aware that he has a problem with attraction to young girls and is now seeking help. Henzel apologized to the victim and her family, and stated to the court that he never wants to do anything like this again. The prosecutor argued, however, for a prison term of at least 120 months on the ground that the Guidelines range of 70 to 87 months "does not begin to capture what occurred here." The prosecutor stated that, although the district court had found that Henzel did not use physical force against the girl, he nevertheless gave a 12-year-old child drugs and alcohol and pressured her to have sex with him, despite her protests. The Guidelines, the prosecutor argued, did not reflect these exacerbating circumstances.

The district court concluded that the nature and circumstances of the offense justified an above-Guidelines sentence of 135 months. The judge gave several reasons for the variance, stating that the victim, although not

subjected to physical force, "was certainly . . . seduced, coerced, persuaded, and tricked to engage in these elicit acts, in part due to her being an innocent 12 year old child." The judge reminded that the child had signaled her opposition by crossing her legs and whimpering, and by telling Henzel directly ten or more times that she did not want to have sex. The court faulted Henzel for giving a child alcohol and marijuana, and emphasized that he alone was responsible for the sexual encounter. The judge added that Henzel is a "selfish, self-gratifying individual" who with his substantial age advantage had been unconcerned that he was inflicting "a great deal of pain on this child as he satisfied his own sexual desires."

## II. DISCUSSION

On appeal, Henzel argues that his prison sentence of 135 months, which is 48 months above the upper end of the range calculated by the district court, is unreasonable. Henzel contends that the court's reasons for the variance simply describe general characteristics applicable to all offenders convicted under 18 U.S.C. § 2423(b), and that the court failed to identify aggravating factors sufficiently particularized to him and his crime. Henzel also contends that the Sentencing Guidelines already account for several of the reasons cited by the district court to justify the above-Guidelines sentence, including his misrepresentation of his age and the reprehensible nature of the offense.

In our view, Henzel is able to lodge his reasonableness challenge only because the district court, with the government's acquiescence, understated the Guidelines imprisonment range by not applying the cross-reference to U.S.S.G. § 2A3.1. Like the probation officer and defense counsel, the district court assumed that the cross-reference applies only if the government can prove that the defendant violated 18 U.S.C. § 2241 by employing physical force or threats of extreme harm. Essentially, the participants at sentencing excised from the cross-reference its inclusion of 18 U.S.C. § 2242 as a basis for shifting from U.S.S.G. § 2G1.3 to § 2A3.1. Yet the cross-reference expressly applies "[i]f the offense involved conduct described in 18 U.S.C. § 2241 *or* § 2242," U.S.S.G. § 2G1.3(c)(3) (emphasis added), and the criminal conduct described in § 2242 is "caus[ing] another person to engage in a sexual act by threatening *or* placing that other person in fear," 18 U.S.C. § 2242(1) (emphasis added).

Here, the district court actually found that Henzel had "coerced" the girl's participation in oral and vaginal sex despite her efforts to move away from him, her crossed legs and resistance to his efforts to undress her, her crying, and her ten or more protests that she did not want to participate. The court reasoned that Henzel had used their vast age difference and the child's vulnerability to manipulate her into these sexual acts. The child testified that she was scared from the first moment she saw Henzel and realized his age, that she followed his order to enter his car because she thought he might have a weapon, and that she was

scared throughout the entire encounter. Even Henzel admitted that the girl looked "nervous and shocked" upon seeing him, and he acknowledged to the police officers that he could understand why the girl had said she felt forced by him to have sex.

In the § 2242 context we define the concept of "fear" broadly and as distinct from "force," *see United States v. Boyles*, 57 F.3d 535, 544 (7th Cir. 1995), and it is apparent from the accounts of events given not only by the girl but also Henzel that the child's "will to resist" was overcome by his "mental and emotional power," *id.*; *see also United States v. Holly*, 488 F.3d 1298, 1304 (10th Cir. 2007) ("A defendant commits sexual abuse if he places the victim in fear, but commits aggravated sexual abuse only if that fear rises to the level of fear of death, serious bodily injury, or kidnapping."); *United States v. Lucas*, 157 F.3d 998, 1002-03 (5th Cir. 1998) (explaining that, for purposes of § 2242, fear has "very broad" definition and can be "inferred from the circumstances, particularly a disparity in power between defendant and victim"); *United States v. Johns*, 15 F.3d 740, 743 (8th Cir. 1994) (explaining that § 2242 envisions lesser degree of fear than § 2241). On similar facts, the Ninth Circuit upheld the conviction of a 28-year-old man who engaged in sexual contact with a 13-year-old girl, after inviting her and a friend to go for a ride in his truck and share a pizza. *United States v. Gavin*, 959 F.2d 788, 789-90 (9th Cir. 1992). The defendant plied the girls with wine, and after her friend had exited the truck to locate another girl, the defendant drove off with the victim, parked, and began fondling her despite

her repeated protests. *Id.* at 790. Although he did not threaten the girl with harm, the jury found that he did place her in fear, and on appeal the court rejected his contention that § 2242 is unconstitutionally vague because it does not define "fear." *Id.* at 790-91. The evidence here suggests that the girl feared, as Henzel said when she gathered her clothes and escaped from his room, that he hadn't "come all this way for just this to happen" and would react badly if she did not meet his demands.

Although the district court failed to apply the cross-reference to § 2A3.1, the judge still cited the above factors to justify the 135-month sentence, all of which are relevant to whether Henzel overcame the child's will by fear. Had the court applied the cross-reference, the judge would have started with a base offense level of 30, added 2 levels for the girl's age and 2 more for Henzel's use of a computer, U.S.S.G. § 2A3.1(a)(2), (b)(2), (b)(6), and subtracted 3 levels for acceptance of responsibility, *id*. § 3E1.1, for a total offense level of 31. The applicable imprisonment range would have been 108 to 135 months, U.S.S.G. ch. 5, pt. A (Sentencing Table), meaning that Henzel's 135-month sentence would be within the range and presumed reasonable. *See Rita v. United States,* 551 U.S. 338, 350-51 (2007); *United States v. Barnes*, 660 F.3d 1000, 1010 (7th Cir. 2011).

The government has not cross-appealed, however, and in its brief, neither did it defend against Henzel's appeal on the basis that the district court should have applied the cross-reference to § 2A3.1. At oral argument,

the prosecutor conceded that not asking the district court to apply the cross-reference based on conduct that violates 18 U.S.C. § 2242 was a mistake. Thus, we are presented with an avoidable debate about the reasonableness of a prison term that, in reality, is probably exactly what the Sentencing Commission intended. Still, even if viewed as above the range, the term is not unreasonable. Sentencing courts must apply the factors from 18 U.S.C. § 3553(a) to the particular facts of each individual case. *See* 18 U.S.C. § 3553(a)(2)(A), (a)(2)(B); *Gall v. United States*, 552 U.S. 38, 49-50 (2007); *United States v. Hill*, 645 F.3d 900, 911 (7th Cir. 2011); *United States v. Jackson*, 547 F.3d 786, 792-93 (7th Cir. 2008). Courts consider circumstances that are not shared by everyone who commits the particular crime, and that increase or lessen the severity of the individual offense. *United States v. Carter*, 538 F.3d 784, 790 (7th Cir. 2008).

Henzel argues that his sentence is unreasonable and relies on *United States v. Miller*, where we remanded for resentencing because the district court attempted to justify an above-Guidelines sentence by speculating that sex offenders, including the defendant in that case, have a high rate of recidivism and are difficult to deter. 601 F.3d 734, 739 (7th Cir. 2010). We concluded that the judge's statements in *Miller* were not supported by reliable evidence and, even if true, would apply to all sex offenders. *Id.* On the other hand, we affirmed a district court's above-Guidelines sentence in *United States v. Jordan* because the judge detailed ten particularized, aggravating circumstances that are not common to all offenders under 18 U.S.C. § 2423(b). 435 F.3d 693, 697

(7th Cir. 2006). These factors included the manipulation of a young girl to engage in a sexual relationship, the trauma suffered by her family, and the defendant's possession of child pornography. *Id.*

The district court's reasons for giving Henzel an above-Guidelines sentence are, like the judge's reasons in *Jordan*, sufficiently particularized to him and his offense. The court concluded that the Guidelines range does not reflect several exacerbating circumstances, including that Henzel directed a 12-year-old to ingest drugs and alcohol, and coerced her into sexual activity despite her obvious fear and repeated protests. These factors led the judge to characterize the offense as serious and reprehensible, *see Jordan*, 435 F.3d at 697. The judge also considered Henzel's personal history and characteristics, *see* 18 U.S.C. § 3553(a)(1), including his selfishness, immaturity, and failure to grasp the consequences of his actions, *see Jordan*, 435 F.3d at 697-98. The judge acknowledged that Henzel recognizes his problem and is now seeking treatment but concluded that this was outweighed by the other exacerbating factors, *see, e.g.*, *Hill*, 645 F.3d at 912. Accordingly, the increase in sentence is adequately explained, and the degree of variance sufficiently justified.

## III. CONCLUSION

For the reasons stated herein, we AFFIRM Henzel's sentence.