NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 2, 2012
Decided October 24, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 11-3674

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:11CR40039-001-JPG |
| ANDREW ANDERSON, JR., *Defendant-Appellant.* | J. Phil Gilbert, *Judge*. |

**O R D E R**

Andrew Anderson was sentenced to twenty-four months' imprisonment after pleading guilty without benefit of a plea agreement to knowingly engaging in sexual contact with another person without the other person's permission. *See* 18 U.S.C. § 2244(b). On appeal Anderson argues that the district court erred by improperly using an enhanced base offense level. Because the district court did not clearly err, we affirm.

Anderson stipulated that while imprisoned at the federal penitentiary in Marion, Illinois, he received an eye exam from an optometrist on loan from the Department of Veterans Affairs. During the exam, Anderson repeatedly moved his leg so that it touched the optometrist's leg, and with his hand he rubbed his erect penis through the fabric of his pants. After the exam ended and the optometrist told Anderson to leave, he grabbed the optometrist's wrist and placed her hand on his pants over his erect penis.

The probation officer added several details to this account in the presentence report. After Anderson placed the optometrist's hand on his erection, she pulled her hand away; Anderson attempted to grab her wrist again, but again she pulled away. She told him to leave immediately, Anderson then asked her if she was "cool," and she repeated that he should leave. She recalled later that she feared for her safety and was worried that the much larger Anderson could overtake her.

Anderson did not object to the presentence report, and at sentencing the district court adopted the findings and guidelines calculations that the probation officer made in the report. The officer calculated a total offense level of thirteen, using a base offense level of sixteen minus three levels for acceptance of responsibility. The officer explained his choice of base offense level by saying only that "The guideline for a violation of 18 U.S.C. § 2244 is found in U.S.S.G. § 2A3.4(a)(2) and calls for a base offense level of 16." The officer calculated a criminal history category of V, which combined with the total offense level to yield a guidelines range of thirty to thirty-seven months, capped by the statutory maximum of twenty-four months. 18 U.S.C. § 2244(b); U.S.S.G. § 5G1.1(a).

The district court sentenced Anderson to the twenty-four-month statutory maximum, to run consecutively to the sentence he was already serving. The court rejected Anderson's proposed eighteen-month sentence, explaining that the statutory maximum was already below the guidelines range and that the circumstances of the offense and Anderson's criminal history warranted a twenty-four-month sentence.

Anderson filed a notice of appeal. His counsel sought permission to withdraw under *Anders v. California*, 386 U.S. 738 (1967), which this court denied, concluding that there was a non-frivolous argument that the district court had used the incorrect base offense level.

On appeal Anderson argues that the presentence report, which the district court adopted, listed the incorrect base level for the offense of which he was convicted. He contends that his base offense level should have been twelve, the default base offense level, instead of sixteen, which is prescribed for offenses brought about through the use of fear. According to Anderson, the probation officer did not include factual findings or reasoning to support the increased base offense level in the presentence report, nor did the district court make any finding that would support the increase.

A sentencing court must begin by properly calculating the applicable guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Carter*, 538 F.3d 784, 789 (7th Cir. 2008). The parties agree that, because Anderson failed to object to the guidelines calculations in the district court, plain error review applies. Under this standard, this court

may correct an error in the guidelines calculation if the error is clear and likely to have affected the sentence. *United States v. Olano*, 507 U.S. 725, 732–34 (1993); *United States v. Durham*, 645 F.3d 883, 890, 900 (7th Cir. 2011).

The probation officer's explanation for applying the base offense level of sixteen was flawed. The officer incorrectly described U.S.S.G. § 2A3.4, the guideline that corresponds to offenses under 18 U.S.C. § 2244. The officer said that the base level is sixteen for all offenses under § 2244, but § 2A3.4 provides that a base level of sixteen should apply only to those offenses involving conduct described in § 2242. U.S.S.G. § 2A3.4(a); *United States v. John*, 309 F.3d 298, 305 n.18 (5th Cir. 2002) (describing previous version of § 2A3.4). Section 2242, in turn, describes offenses that are accomplished by threatening or frightening the victim. U.S.S.G. § 2A3.4 cmt. n.3; *United States v. Henzel*, 668 F.3d 972, 976–77 (7th Cir 2012). Though conduct described in § 2242 is incorporated into § 2244(a), Anderson pleaded guilty to violating § 2244(b), which does not incorporate conduct described in § 2242.

But the application of a base offense level of sixteen is not clear error. This offense level was supported by the factual findings that the probation officer described in the presentence report. The officer explained that the optometrist became frightened during the exam because Anderson repeatedly touched her leg with his leg, he was masturbating, and she believed that he could overtake her. In fear, the optometrist ended the exam before Anderson's behavior could escalate, creating an opening for him to grab her hand and place it on his penis. Based on these facts, the court could conclude that the victim's fear helped the defendant commit the offense. *See* U.S.S.G. § 2A3.4 cmt. n.3, backg'd; *Henzel*, 668 F.3d at 977; *United States v. Boyles*, 57 F.3d 535, 544 (7th Cir. 1995); *United States v. Breitweiser*, 357 F.3d 1249, 1256 (11th Cir. 2004).

In any case, a sentencing error is not "clear error" unless it is likely that it affected the sentence. *Durham*, 645 F.3d at 900. In light of the district court's comments that the statutory maximum was below the guidelines range and that the circumstances of the offense (combined with Anderson's criminal history) warranted a twenty-four-month sentence, it is not likely that the error affected the sentence.

Accordingly, the district court's judgment is AFFIRMED.