FILED
United States Court of Appeals
Tenth Circuit

September 21, 2015

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ALBERT PRESTON ALEXANDER,
a/k/a Alexander Preston, a/k/a Albert
Shadon, a/k/a Preston Alexander, a/k/a
Albert Reton Alexander, a/k/a Albert
Preton Alexander,

      Defendant - Appellant.

No. 14-7058

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
(D.C. No. 6:13-CR-00079-JHP-1)**

---

Chance Cammack, Research and Writing Specialist, (Julia L. O'Connell, Federal Public Defender, with him on the brief), Office of the Federal Public Defender, Muskogee, Oklahoma, for Defendant - Appellant.

Edward Snow, Assistant United States Attorney, (Mark F. Green, United States Attorney, and Linda A. Epperley, Assistant United States Attorney, with him on the brief), Muskogee, Oklahoma, for Plaintiff - Appellee.

---

Before **HARTZ**, **HOLMES**, and **MATHESON**, Circuit Judges.

**HARTZ**, Circuit Judge.

Under the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. §§ 16901–16962, a sex offender must register in each jurisdiction where he resides, *see id.* § 16913(a), and update that registration promptly upon moving, *see id.* § 16913(c). Failure to do so is a crime. *See* 18 U.S.C. § 2250. The duration of the offender's registration requirement depends on his "tier," which reflects the severity of his predicate sex offense. *See* 42 U.S.C. §§ 16911(2)-(4), 16915(a). The offender's tier also affects his guidelines sentencing range if he is convicted of failure to register. *See* USSG § 2A3.5(a).

Defendant Albert Alexander pleaded guilty in 2012 to violating California Penal Code § 266c, which prohibits inducing another to engage in sexual conduct by misrepresentations creating fear. As required by California law, he registered as a sex offender in that state. But he did not register as a sex offender in Oklahoma when he moved there, and he was indicted in the United States District Court for the Eastern District of Oklahoma on one count of violating 18 U.S.C. § 2250. He filed a motion to dismiss the indictment on the ground that his § 266c conviction did not trigger SORNA's registration requirement. He argued that § 266c covers only consensual sexual conduct and so falls within SORNA's exception from the definition of *sex offense* for an "offense involving consensual sexual conduct . . . if the victim was an adult . . . ." 42 U.S.C. § 16911(5)(C). When the motion was denied, he entered a conditional plea of guilty,

2

*see* Fed. R. Crim. P. 11(a)(2), permitting him to raise on appeal the issues he now presents to us: (1) his classification as a tier III sex offender when the district court imposed sentence and (2) the denial of his motion to dismiss.[1] Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm. We reject Defendant's argument (part of which was not preserved below and is reviewed only for plain error) that a violation of § 266c does not qualify for tier III, and we hold that sexual conduct induced by the misrepresentations required under § 266c is not consensual within the meaning of the term in SORNA.

## I. TIER III CLASSIFICATION

Under the sentencing guidelines the offense level for failing to register under SORNA depends on whether the predicate sex offense is classified as tier I, tier II, or tier III. *See* USSG § 2A3.5(a) (base offense level is 16 for tier III offenders; 14 for tier II offenders; and 12 for tier I offenders). Tier III is the classification for one whose "offense . . . is comparable to or more severe than [the federal crimes of] . . . aggravated sexual abuse or sexual abuse (as described in sections 2241 and 2242 of Title 18)." 42 U.S.C. § 16911(4)(A)(i). We review a challenge to an offense-level calculation

---

[1] Defendant also argues that SORNA violates the Commerce Clause and the Tenth Amendment. We rejected these arguments in *United States v. White*, 782 F.3d 1118, 1123–28 (10th Cir. 2015), decided during the pendency of this appeal. As Defendant's counsel conceded at oral argument, this panel is bound by those rulings. *See, e.g., United States v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000).

for abuse of discretion, reviewing legal conclusions de novo and factual findings for clear error. *See White*, 782 F.3d at 1128–29.

As a general rule, to make the comparison required by § 16911, we apply what is called the categorical approach, examining the statutory elements of the state and federal offenses to see whether the defendant's prior offense is comparable to or more severe than § 2241 or § 2242. *See id.* at 1130–36.

> The California statute under which Defendant was convicted states:
>
> Every person who induces any other person to engage in sexual intercourse, sexual penetration, oral copulation, or sodomy when his or her consent is procured by false or fraudulent representation or pretense that is made with the intent to create fear, and which does induce fear, and that would cause a reasonable person in like circumstances to act contrary to the person's free will, and does cause the victim to so act, is punishable by imprisonment in a county jail for not more than one year or in the state prison for two, three, or four years.

Cal. Penal Code § 266c (2014). The statute defines *fear* as "the fear of physical injury or death to the person or to any relative of the person or member of the person's family." *Id.*

The relevant elements of the first comparator statute, 18 U.S.C. § 2241, are "knowingly caus[ing] another person to engage in a sexual act—. . . (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping; or attempt[ing] to do so . . . ." § 2241(a)(2). And the relevant elements of § 2242 are "knowingly—(1) caus[ing] another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or

4

placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping); . . . or attempt[ing] to do so . . . ." § 2242(1).

Defendant argues that he cannot be classified in tier III because the California statute "sweeps more broadly" than the federal offenses of aggravated sexual abuse (§ 2241) or sexual abuse (§ 2242). Aplt. Br. at 18. First, he appears to contend that to violate § 266c it is necessary only to "fraudulently induce[] another to consent to a sexual act," but that such conduct would not violate the federal statutes. *Id.* at 17. Second, he asserts that § 266c "punishes a person who induces a consensual sexual act by fraudulent representation made with the intent to create fear," which is a less severe offense than § 2241 and § 2242, which, he says, require that a sexual act follow "a direct threat or action that created fear." *Id.* Third, he argues that § 266c is less severe because it "defines fear more broadly" than § 2241 and § 2242. *Id.* We reject each argument (the second, under plain-error review).

Defendant's first contention is based on a false premise. Section 266c is not violated by the mere act of fraudulently inducing consent to a sexual act. The statute requires more—a fraudulent representation "that is made with the intent to create fear, and which does induce fear, and that would cause a reasonable person in like circumstances to act contrary to the person's free will, and does cause the victim to so act." Cal. Penal Code § 266c. It is therefore irrelevant that the federal statutes cannot be violated by (just any) misrepresentation.

5

Defendant's second argument is that § 2241 and § 2242, unlike § 266c, require "a direct threat or action that created fear." Aplt. Br. at 17. In other words, even though both federal statutes are satisfied by "placing th[e] other person in fear," 18 U.S.C. §§ 2241(a)(2), 2242(1), Defendant is saying that "placing" can be accomplished only by direct threat or action. But this argument is forfeited because he failed to argue below that the federal statutes do not encompass fear induced by fraud; our review is therefore only for plain error. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011); *United States v. Teague*, 443 F.3d 1310, 1314 (10th Cir. 2006). Because Defendant does not argue plain error, we could end our analysis there. *See Richison*, 634 F.3d at 1130–31. In any event, we see no reason to limit the meaning of "placing . . . in fear" by excluding the making of false representations that induce fear, and we are aware of no precedent saying that. *See Teague*, 443 F.3d at 1318–19 (for asserted error to be "plain," it must be "clear under current law" (internal quotation marks omitted)).

Finally, Defendant contends that § 266c defines *fear* more broadly than § 2241 and § 2242, because *fear* under the California statute means "the fear of physical injury or death to the person or to any relative of the person or member of the person's family," Cal. Penal Code § 266c, while the federal statutes require "fear that any person will be subjected to death, *serious* bodily injury, or kidnapping." Aplt. Br. at 17 (internal quotation marks omitted). Defendant is right about § 2241 but he misreads § 2242. Section 2241 requires inducing fear of death, serious bodily injury, or kidnapping. But § 2242 does not. Indeed, that is why § 2242 is entitled "Sexual abuse" while § 2241 is

6

entitled "Aggravated sexual abuse." What § 2242(1) prohibits is "knowingly—

(1) caus[ing] another person to engage in a sexual act by threatening or placing that other person in fear (*other than by* threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping)" (emphasis added). Perhaps the fear required by § 2242(1) must be more than *de minimis*, but it surely does not require greater fear than what is defined in the California statute—"the fear of physical injury or death to the person or to any relative of the person or member of the person's family" that "would cause a reasonable person in like circumstances to act contrary to the person's free will." Cal. Penal Code § 266c.

Defendant has failed to show that § 266c can be violated in a manner that would not also violate § 2241 (if the fear is that a person will be subjected to death, serious bodily injury, or kidnapping) or, at least, § 2242 (if the fear is otherwise). The California statute is therefore "comparable" to the federal statutes. Defendant is qualified to be a tier III sex offender.

We can briefly dispose of the one case cited by Defendant as support for his tier-classification argument, *United States v. Cabrera–Gutierrez*, 756 F.3d 1125, 1133–34 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 124 (2014). The Ninth Circuit held that an Oregon sex-abuse statute was not comparable to the federal statutes because "[n]onconsensual intercourse with a mentally and physically capable individual not involving a threat or the use of fear might violate Or. Rev. Stat. § 163.425, but it would not violate 18 U.S.C. § 2242." *Id.* at 1134. *Cabrera–Gutierrez* does not help Defendant

7

because such intercourse would not violate § 266c either. *Cabrera–Gutierrez* does not suggest that there could be a violation of § 266c that is not a violation of the federal statutes.

## II.    DEFENDANT'S CONVICTION

SORNA requires registration for a *sex offender*, *see* 42 U.S.C. § 16913(a), defined as "an individual who was convicted of a sex offense," § 16911(1). SORNA defines *sex offense* broadly to include, as relevant here, "a criminal offense that has an element involving a sexual act or sexual contact with another," § 16911(5)(A)(i), and "a Federal offense . . . under . . . chapter 109A . . . of Title 18," § 16911(5)(A)(iii). SORNA's definition of *sex offense* is limited by two exceptions. *See* §§ 16911(5)(B), (C). One concerns foreign convictions. The exception relevant here states:

> An offense involving *consensual sexual conduct* is not a sex offense for the purposes of this subchapter if the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the offense, or if the victim was at least 13 years old and the offender was not more than 4 years older than the victim.

§ 16911(5)(C) (emphasis added). SORNA does not define *consensual sexual conduct*, nor has any published decision. The district court held that Defendant's § 266c conviction does not fall within § 16911(5)(C). We review de novo whether a violation of a state statute constitutes a *sex offense* under SORNA. *See United States v. Nichols*, 775 F.3d 1225, 1228 (10th Cir. 2014); *United States v. Black*, 773 F.3d 1113, 1115 (10th Cir. 2014); *United States v. Welch*, 327 F.3d 1081, 1089–90 (10th Cir. 2003).

8

Defendant contends that he did not have to register under SORNA because his California conviction for violating § 266c involved *consensual sexual conduct*. He argues that "consent even when obtained under fraudulent circumstances is still consent." Aplt. Br. at 10. He points to California cases that support his view, relying particularly on *Boro v. Superior Court*, 210 Cal. Rptr. 122 (Cal. Ct. App. 1985). In *Boro* the defendant, charged with rape, obtained the victim's consent to sexual intercourse by representing himself as a doctor and telling her that she had contracted a highly infectious and potentially fatal disease that could be cured only by painful and expensive surgery or by sexual intercourse with an anonymous donor who had been injected with a serum that would cure the disease. *See id.* at 123. The California Court of Appeals agreed with Boro that the charge should have been dismissed because the victim "precisely understood the nature of the act, but, motivated by a fear of disease, and death, succumbed to [Boro]'s fraudulent blandishments." *Id.* at 126. The court relied on authority stating:

> [I]f deception causes a misunderstanding as to the fact itself (fraud in the *factum*) there is no legally-recognized consent because what happened is not that for which consent was given; whereas consent induced by fraud is as effective as any other consent, so far as direct and immediate legal consequences are concerned, if the deception relates not to the thing done but merely to some collateral matter (fraud in the inducement).

*Id.* at 124 (internal quotation marks omitted).

*Boro* is not controlling here. The word *consensual* that we are construing appears in a federal statute, and federal law governs its interpretation. *See Johnson v. United*

9

*States*, 559 U.S. 133, 138 (2010) (in determining whether state offense required use of physical force, the meaning of *physical force* under 18 U.S.C. § 924(e)(2)(B)(i) "is a question of federal law, not state law"); *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 111–12 (1983), *superseded by* 18 U.S.C. § 921(a)(20) ("Whether one has been 'convicted' within the language of the [federal] gun control statutes is necessarily . . . a question of federal, not state law, despite the fact that the predicate offense and its punishment are defined by the law of the State."); *United States v. Dyke*, 718 F.3d 1282, 1292 (10th Cir. 2013) ("Neither, of course, does state law normally dictate the meaning of a federal statute, at least absent some evidence Congress sought to defer to and incorporate state law . . . .").

As mentioned, however, SORNA does not define *consensual sexual conduct*. And the only relevant references to the term in the legislative history address consensual sexual conduct between juveniles and consensual sexual conduct between adults that was criminalized by state sodomy laws. *See* 152 Cong. Rec. H5705-01, at 5723–24 (daily ed. July 25, 2006) (statement of Rep. Scott expressing concern about penalties for teenagers who engaged in consensual sex); H.R. Rep. No. 105-256, at 40–41 (Sept. 18, 1997) (dissenting views expressing concern about registration requirements for those convicted of consensual adult sodomy or similar offenses); 105 Cong. Rec. H7626, at H7629–30 (daily ed. Sept. 23, 1997) (statement of Rep. Jackson-Lee expressing concern about registration requirements for consensual adult activity). This legislative history is not illuminating on the question before us.

10

Unfortunately, but not surprisingly, the dictionary also does not assist us in resolving whether consent induced by misrepresentation is *consensual* within SORNA's meaning. Definitions of *consent* generally speak in terms of volition or will. *See, e.g.*, Black's Law Dictionary 368 (10th ed. 2014) (defining *consent* as "[a] voluntary yielding to what another proposes or desires"); Webster's Third New International Dictionary 482 (2002) (defining *consent* as "capable, deliberate, and voluntary agreement to or concurrence in some act or purpose implying physical and mental power and free action . . . ."). But they do not parse the concept further to suggest whether a misrepresentation makes an act involuntary. For example, they do not tell us whether sexual conduct is involuntary if one misrepresents hair color or occupation.

We therefore turn to the statutory context to guide our decision. *See FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (stating the "fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme" (internal quotation marks omitted)). The purpose of the national sex-offender-registry law is to ensure that law enforcement and communities can track and warn of the presence of convicted sexual predators. *See* 42 U.S.C. § 16901 (SORNA declaration of purpose); *United States v. Kebodeaux*, 133 S. Ct. 2496, 2505 (2013). SORNA provisions offer strong clues about the sort of predators it is concerned about. We note in particular (1) that among the federal offenses defined as constituting a *sex offense* under SORNA are sex-abuse crimes defined in Chapter 109A of Title 18, *see* 42 U.S.C. § 16911(5)(A)(iii), which include

11

18 U.S.C. §§ 2241 and 2242, and (2) that tier III includes those convicted of an offense comparable to those defined in § 2241 and § 2242, *see* 42 U.S.C. § 16911(4)(A)(i). As we previously explained in our tier III discussion, § 2241 and § 2242 proscribe knowingly causing another person to engage in a sexual act by "placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping," 18 U.S.C. § 2241(a)(2), or in fear of some other kind, *see id.* § 2242(1). Neither provision places any restriction on the method used to "place[] that other person in fear." The obvious inference is that SORNA, among other things, is intended to warn against those who use fear to cause others to engage in sexual acts.

We see no principled reason to distinguish between a perpetrator who places another person in fear by brandishing a weapon and one who induces fear by deception (such as by pretending to have a weapon or by concocting a disease), so long as the fear overwhelms opposition to engaging in sexual conduct. We conclude that sexual conduct is not *consensual* under SORNA if the "consent" is induced by fear.

Our conclusion finds support in the Model Penal Code, a source to which the Supreme Court has often turned to interpret undefined terms in federal criminal statutes. *See Scheidler v. Nat'l Org. for Women, Inc.,* 537 U.S. 393, 408–10 (2003) (Court interprets *extortion* for purposes of the Hobbs Act and RICO as consistent with the Model Penal Code and modern state statutes); *Salinas v. United States*, 522 U.S. 52, 64–65 (1997) (Court supports its interpretation of *conspiracy* in RICO by noting the contemporary understanding of the offense reflected in the Model Penal Code); *Taylor v.*

12

*United States*, 495 U.S. 575, 598 & n.8 (1990) (Court rejects argument that Congress intended *burglary*, as used in the Armed Career Criminal Act, to have its restrictive common-law meaning, but chooses instead the more expansive contemporary meaning reflected in the Model Penal Code and other modern authority and statutes). *But see Yates v. United States*, 135 S. Ct. 1074, 1087–88 (2015) (rejecting Model Penal Code comment on meaning of *tangible object* as inapplicable in context of Sarbanes-Oxley Act). The Model Penal Code recognizes consent as a defense to certain offenses. *See* § 2.11(1), (2), at 393. But it distinguishes consent, which is effective as a defense, from assent, which may not suffice. In particular, it provides that "assent does not constitute consent if . . . it is induced by force, duress or deception of a kind sought to be prevented by the law defining the offense." § 2.11(3)(d), at 393. In other words, whether assent is effective consent despite deception depends on the purpose of the criminal statute—what the law is meant to prevent—and the nature of the deception. Thus, if a purpose of SORNA is to combat predators who induce others to engage in sexual conduct by creating fear, then assent to sexual conduct that is induced by deception that creates fear is not effective consent.

The application of this analysis to the present case is straightforward. The inclusion of 18 U.S.C. §§ 2241 and 2242 within the definition of *sex offense* implies that one of SORNA's purposes is to protect against those who use fear to induce others to agree to sexual activity. Sexual activity that results from fear induced by misrepresentation therefore cannot be *consensual sexual conduct*. To deem such assent

13

as consent is to excuse conduct that the law seeks to prevent. The California statute under which Defendant was convicted prohibits inducing someone to engage in sexual conduct by making misrepresentations that create fear—indeed, "fear of physical injury or death" that "would cause a reasonable person . . . to act contrary to the person's free will." Cal. Penal Code § 266c. A violation of that statute therefore is not *consensual sexual conduct* under SORNA.

Defendant argues that we should apply the rule of lenity because "[t]he federal definition of sex offense does not speak to situations where consent was induced through deception" and "§ 16911(5)(C) does not state that consent must be completely knowing and voluntary." Aplt. Br. at 9. But the rule of lenity has no application when, as in this case, the customary tools of statutory interpretation convince the court of a specific meaning for statutory language. *See United States v. Castleman*, 134 S. Ct. 1405, 1416 (2014) ("[T]he rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended.") (internal quotation marks omitted).

## IV.    CONCLUSION

We AFFIRM the district court's denial of Defendant's motion to dismiss the indictment and its classification of Defendant as a tier III sex offender.

14

No. 14-7058, *United States v. Alexander*

**HOLMES**, Circuit Judge, concurring.

With one salient exception, I fully join in the outcome and reasoning of the majority's well-written and cogent opinion. The exception relates to Part I of the majority's opinion and, more specifically, its discussion of whether Mr. Alexander qualifies as a tier III offender. Unlike the majority, I am not convinced that Mr. Alexander's prior offense under California Penal Code § 266c is comparable to or more severe than the aggravated sexual-abuse offense proscribed by 18 U.S.C. § 2241. *See* 42 U.S.C. § 16911(4)(A)(i). However, I have no difficulty concluding that § 266c satisfies the comparable-to-or-more-severe-than standard with respect to the sexual-abuse offense outlawed by 18 U.S.C. § 2242. Therefore, I would not definitively opine on the former question—whether Mr. Alexander qualifies as a tier III offender under § 2241—but nevertheless would affirm the district court's sentencing order on the ground that Mr. Alexander *does* qualify as a tier III offender under § 2242.

Briefly stated, there is a reasonably persuasive argument to be made that the fear required by § 266c is broader than that contemplated by § 2241. For example, we have described the fear requirement of § 2241 as being "heightened," "specific and severe." *United States v. Holly*, 488 F.3d 1298, 1303 (10th Cir. 2007). Further, § 2241 requires fear of "death, *serious* bodily injury, or kidnapping." 18 U.S.C. § 2241(a)(2) (emphasis added). Section 266c, in contrast, requires only fear of "physical injury or death." Cal. Penal Code § 266c. While

there is little caselaw interpreting *how* serious the physical injury must be under § 266c, the California legislature's decision to amend the statute in 1992, to omit "unlawful" as a qualifier to "physical injury" suggests an intent to broaden the kinds of injuries that might qualify under the statute. *See* 1992 Cal. Legis. Serv. 224 (S.B. 1960) (West). This view is bolstered by the fact that certain other provisions of the California Penal Code punishing sexual misconduct that use the modifier "unlawful" appear to envision the victim being placed in fear of more serious injuries. *See* Laurie Levenson & Alex Ricciardulli, *Proof of sex crimes—Factors establishing victim's lack of consent—Fraud*, California Criminal Law § 7:16 n.2 (database updated Dec. 2014) (suggesting that fear in § 266c "appears to be broader than the fear of immediate and unlawful bodily injury" in other provisions of the penal code); *see, e.g.*, Cal. Penal Code § 261 (defining rape as sexual intercourse accomplished "against a person's will by means of . . . fear of immediate and unlawful bodily injury"); Cal. Penal Code § 286 (proscribing "an act of sodomy when the act is accomplished against the victim's will by means of . . . fear of immediate and unlawful bodily injury on the victim or another person"). Accordingly, it is far from clear to me that Mr. Alexander's prior offense under California Penal Code § 266c satisfies the comparable-to-or-more-severe-than standard with regard to 18 U.S.C. § 2241. And, because I need not resolve that question, I would not.

I need not resolve the inquiry as to § 2241 because, in my view, it is patent

-2-

that Mr. Alexander's prior § 266c offense *does* satisfy the relevant standard with respect to the sexual-abuse offense proscribed by § 2242. *See* 18 U.S.C. § 2242. In addition to the reasoning that the majority articulated, I note that the fear element of the § 2242 crime is satisfied "when the defendant's actions implicitly place the victim in fear of *some bodily harm*." *United States v. Castillo*, 140 F.3d 874, 885 (10th Cir. 1998) (emphasis added). As the Ninth Circuit has held, "[a] reasonable construction of § 2242(1) is that it encompasses *all* fears of harm to oneself or another *other than* death, serious bodily injury or kidnapping." *United States v. Gavin*, 959 F.2d 788, 790 (9th Cir. 1992) (emphases added); *see also United States v. Henzel*, 668 F.3d 972, 977 (7th Cir. 2012) (collecting cases and stating that "[i]n the § 2242 context we define the concept of 'fear' broadly").

Indeed, § 2242 has been applied in situations strikingly similar to those that the California legislature presumably envisioned in enacting § 266c. *See, e.g.*, *United States v. Johns*, 15 F.3d 740, 742 (8th Cir. 1994) (noting that the defendant "cultivated [the victim's] fear and *compliance* through his position as spiritual teacher and healer" and "taught her that events in her life, including the abuse, were ordained by the spirits and that harm would come to her or loved ones if she disrespected the spirit" (emphasis added)); *see also United States v. King*, 215 F.3d 1338, 2000 WL 725480, at *4 (10th Cir. 2000) (unpublished) (sufficient evidence that the victim "would not have *agreed* to [the defendant's] extremely invasive [sexual] actions but for the physical and spiritual

-3-

consequences she feared would occur if she did not submit to his treatment" (emphasis added)). Thus, regardless of whether § 266c involves non-comparable or appreciably less severe conduct than the aggravated sexual-abuse offense defined in 18 U.S.C. § 2241, it is clear that § 266c's requirement of fear of "physical injury" is comparable to or more severe than the requisite fear of "some bodily injury" under § 2242. As such, the district court properly classified Mr. Alexander as a tier III sex offender under 42 U.S.C. § 16911(4).

For the foregoing reasons, I respectfully concur.