HOLMES, Circuit Judge,
concurring.
With one salient exception, I fully join in the outcome and reasoning of the majority’s well-written and cogent opinion. The exception relates to Part I of the majority’s opinion and, more specifically, its discussion of whether Mr. Alexander qualifies as a tier III offender. Unlike the majority, I am not convinced that Mr. Alexander’s prior offense under California Penal Code § 266c is comparable to or more severe than the aggravated sexual-abuse offense proscribed by 18 U.S.C. § 2241. *1142 See 42 U.S.C. § 16911(4)(A)(i). However, I have no difficulty concluding that § 266c satisfies the eomparable-to-or-more-se-vere-than standard with respect to the .sexual-abuse offense outlawed by 18 U.S.C. § 2242. Therefore, I would not definitively opine on the former question — whether Mr. Alexander qualifies as a tier III offender under § 2241 — but nevertheless would affirm the district court’s sentencing order on the ground that Mr. Alexander does qualify as a tier III offender under § 2242.
. Briefly stated, there is a reasonably persuasive argument to be made that the fear required by § 266c is broader than that contemplated by § 2241. For example, we have described the fear requirement of § 2241 as being “heightened,” “specific and severe.” United States v. Holly, 488 F.3d 1298, 1303 (10th Cir.2007). Further, § 2241 requires fear of “death, serious bodily injury, or kidnapping.” 18 U.S.C. § 2241(a)(2) (emphasis added). Section 266c, in contrast, requires only fear of “physical injury or death.” CaLPenal Code § 266c. While there is little easelaw interpreting how serious the physical injury must be under § 266c, the California legislature’s decision to amend the statute in 1992, to omit “unlawful” as a qualifier to “physical injury” suggests an intent to broaden the kinds of injuries that might qualify under the statute. See 1992 Cal. Legis. Serv. 224 (S.B.1960) (West). This view is bolstered by the fact that certain other provisions of the California Penal Code punishing sexual misconduct that use the modifier “unlawful” appear to envision the victim being placed in fear of more serious injuries. See Laurie Levenson & Alex Ricciardulli, Proof of sex crimes— Factors establishing victim’s lack of consent — Fraud, California Criminal Law § 7:16 n. 2 (database updated Dec. 2014) (suggesting that fear in § 266c “appears to be broader than the fear of immediate and unlawful bodily injury” in other provisions of the penal code); see, e.g., Cal.Penal Code § 261 (defining rape as sexual intercourse accomplished “against a person’s will by means of ... fear of immediate and unlawful bodily injury”); Cal.Penal Code § 286 (proscribing “an act of sodomy when the act is accomplished against the victim’s will by means of ... fear of immediate and unlawful bodily injury on the victim or another person”). Accordingly, it is far from clear to me that Mr. Alexander’s prior offense under California Penal Code § 266c satisfies the comparable-to-or-more-severe-than standard with regard to 18 U.S.C. § 2241. And, because I need not resolve that question, I would not.
I need not resolve the inquiry as to § 2241 because, in my view, it is patent that Mr. Alexander’s prior § 266c offense does satisfy the relevant standard with respect to the sexual-abuse offense proscribed by § 2242. See 18 U.S.C. § 2242. In addition to the reasoning that the majority articulated, I note that the fear element of the § 2242 crime is satisfied “when the defendant’s actions implicitly place the victim in fear of some bodily harm.” United States v. Castillo, 140 F.3d 874, 885 (10th Cir.1998) (emphasis added). As the Ninth Circuit has held, “[a] reasonable construction of § 2242(1) is that it encompasses all fears of harm to oneself or another other than death, serious bodily injury or kidnapping.” United States v. Gavin, 959 F.2d 788, 790 (9th Cir.1992) (emphases added); see also United States v. Henzel, 668 F.3d 972, 977 (7th Cir.2012) (collecting cases and stating that “[i]n the § 2242 context we define the concept of ‘fear’ broadly”).
Indeed, § 2242 has been applied in situations strikingly similar to those that the California legislature presumably envisioned in enacting § 266c. See, e.g., United States v. Johns, 15 F.3d 740, 742 (8th Cir.1994) (noting that the defendant “culti *1143 vated [the victim’s] fear and compliance through his position as spiritual teacher and healer” and “taught her that events in her life, including the abuse, were ordained by the spirits and that harm would come to her or loved ones if she disrespected the spirit” (emphasis added)); see also United States v. King, 215 F.3d 1338, 2000 WL 725480, at *4 (10th Cir.2000) (unpublished) (sufficient evidence that the victim “would not have agreed to [the defendant’s] extremely invasive [sexual] actions but for the physical and spiritual consequences she feared would occur if she did not submit to his treatment” (emphasis added)). Thus, regardless of whether § 266c involves non-comparable or appreciably less severe conduct than the aggravated sexual-abuse offense defined in 18 U.S.C. § 2241, it is clear that § 266c’s requirement of fear of “physical injury” is comparable to or more severe than the requisite fear of “some bodily injury” under § 2242. As such, the district court properly classified Mr. Alexander as a tier III sex offender under 42 U.S.C. § 16911(4).
For the foregoing reasons, I respectfully concur.