**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 9, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RANDY BRANCH,

Defendant - Appellant.

No. 16-2019
(D.C. No. 1:10-CR-015620MV-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **BALDOCK**, and **O'BRIEN**, Circuit Judges.

Randy Branch pleaded guilty in 2010 to five counts, including obtaining a controlled substance by fraud, health care fraud, being an unlawful user of a controlled substance in possession of a firearm, and aggravated identity theft. He was sentenced to a term of 42 months imprisonment followed by three years of supervised release.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2014, after his release, Branch was found to have violated the terms of his supervised release. The district court sentenced Branch to 11 months imprisonment and imposed a new 33-month term of supervised release.

In March 2015, Branch was found to have, again, violated his supervised release terms. The district court sentenced him to six months imprisonment and imposed a new 19-month term of supervised release.

In October 2015, Branch was accused of yet another violation of the terms of his release. This appeal concerns this third supervised release violation. At a revocation hearing, the district court found that Branch had violated the terms of his release by committing a new crime (entering a convenience store and breaking property), using a controlled substance, and failing to complete an outpatient substance abuse treatment program. The district court, rather than immediately sentencing Branch to further imprisonment, held the hearing in abeyance for six months to allow Branch to complete the outpatient program. After the abeyance, the probation office filed an amended petition to revoke Branch's supervised release, alleging both the same three violations listed above as well as a new violation for using a controlled substance after Branch failed a urine test—Branch admitted this last allegation was also true. After hearing from the parties, the district court sentenced Branch to 24 months imprisonment, but did not impose a new term of supervised release.

On appeal, Branch argues that the district court's sentence of 24 months imprisonment was both substantively and procedurally unreasonable. Specifically, he argues the sentence was not "reasoned and reasonable," as is required of sentences imposed for violations of supervised release. *See United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005). But, as the government points out, Branch failed to object to the district court's sentence in any way, shape, or form at the time of sentencing. To preserve the issue on appeal Branch could have objected orally at sentencing, *see United States v. Mendoza*, 543 F.3d 1186, 1195 (10th Cir. 2008), or objected in writing to the presentence report, *see id.* After the district court imposed its sentence it asked if Branch's counsel had any questions. Counsel asked only that the district court recommend to the Bureau of Prisons a placement close to Branch's home; no objection to the sentence was made. And an objection must be made—at the time of sentencing—to preserve such a challenge on appeal. *See United States v. Armijo*, 651 F.3d 1226, 1238 n.16 (10th Cir. 2011); *Mendoza*, 543 F.3d at 1191.

Normally, failing to raise an objection in the district court would lead us to review an appellant's claim for plain error. *See Armijo*, 651 F.3d at 1238 n.16. But when an appellant also fails to even argue for plain error review on appeal, this marks the "end of the road" for his challenge. *See Richison v. Ernest Grp.*, 634 F.3d 1123, 1131 (10th Cir. 2011). Thus, because Branch failed to object to the district court's sentence, and now fails to argue for plain error review or

explain how he might succeed under that standard, we decline to review his claims and affirm the district court. *Cf. United States v. Bustamante-Conchas*, 15-2015 at *8 (10th Cir. Aug. 8, 2016) ___ F.3d ___, ___ ("Without a timely objection on the specific ground now argued, the issue . . . was forfeited. And because [Defendant] does not argue for plain error review on appeal, we will not address the merits of his claim."); *United States v. Alexander*, 802 F.3d 1134, 1137 (10th Cir. 2015) ("But this argument is forfeited because [Defendant] failed to argue [it] below . . . our review is therefore only for plain error. Because Defendant does not argue plain error, we could end our analysis there." (citing *Richison*, 634 F.3d at 1128, 1130–31) (internal citations omitted)); *United States v. Herrera-Zamora*, 2016 WL 2893727, at *4 (10th Cir. May 18, 2016) ("[Defendant] makes his two remaining arguments for the first time on appeal. Because he does so without arguing for plain-error review, these arguments are effectively waived on appeal." (citing *Richison*, 634 F.3d at 1131)). And even if we reviewed for plain error the district court's sentence was both procedurally and substantively reasonable.

The district court's sentence is AFFIRMED.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge