FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 28, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JAMES E. BAKER,

     Defendant - Appellant.

No. 17-3033
(D.C. No. 6:06-CR-10129-JTM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

     Defendant James Baker appeals the denial of his objections to his supervised

release. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. Defendant's notice

of appeal was too late to challenge the district court's order rejecting his contention that

the court lacked authority to impose any term of supervised release. And the court

properly rejected the contentions raised in his later motion. We decline to address

arguments that Defendant raises for the first time on appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

On December 20, 2006, the United States District Court for the District of Kansas sentenced Defendant to 235 months' imprisonment, followed by three years of supervised release, after he was convicted on one count of unlawful possession of ammunition by a previously convicted felon. *See* 18 U.S.C. § 922(g)(1). In general, the statutory maximum term for the offense is 10 years (120 months). *See* 18 U.S.C. § 924(a)(2). But under the Armed Career Criminal Act (ACCA) the court increased Defendant's sentence because of his three prior convictions for violent felonies. *See* 18 U.S.C. § 924(e) (requiring sentence of at least 15 years).

On September 2, 2016, the district court reduced Defendant's sentence to time served after he filed a motion under 28 U.S.C. § 2255 correctly asserting that his prior convictions were not for violent felonies because the residual clause of the ACCA is unconstitutionally vague. *See United States v. Johnson*, 135 S. Ct. 2551, 2557 (2015). The district court, however, continued to impose the original three-year term of supervised release.

That same day, Defendant filed a "Notice of Concerns" challenging the imposition of supervised release on the ground that he had already served more than the statutory maximum time for his offense. The district court treated the notice as a motion to reconsider reimposition of supervised release and denied it on October 11, 2016.

On December 23, 2016, Defendant filed a "Motion to Modify or Vacate Supervised Release," which again challenged his supervised release. In contrast to his previous motion, Defendant did not challenge the district court's general authority to impose a term of supervised release. He instead argued that the court had erroneously

2

calculated his guidelines range and that the correct range entitled him to probation instead of supervised release. Defendant also asked the district court to exercise its discretion under 18 U.S.C. § 3583(e)(1) to modify his term of supervised release.

On January 30, 2017, the district court denied Defendant's motion. The court concluded that Defendant had waived his principal challenge to its guidelines-range calculation and, in any event, the imposed term of supervised release was consistent with the guidelines in light of Defendant's extensive criminal history. It also declined to alter Defendant's sentence under § 3583(e)(1).

On February 13, 2017, Defendant filed a notice of appeal challenging the district court's denial of his December motion.

We first consider the timeliness of Defendant's appeal. Under Fed. R. App. P. 4(b)(1)(A)(i), a defendant in a criminal case has 14 days from entry of an order to file a notice of appeal. A motion for reconsideration filed within this 14-day period tolls the time for appeal until the court disposes of the motion. *See* Fed. R. App. P. 4(b)(3); *United States v. Randall*, 666 F.3d 1238, 1243 (10th Cir. 2011). Under these rules, Defendant's February notice of appeal was too late to challenge the district court's September order reimposing supervised release or its October order denying his Notice of Concerns. Although he filed a motion in December that challenged the October order, this motion did not toll the time to appeal the October order because it was filed more than 14 days after that order. Defendant's February 13 notice of appeal, however, was timely with respect to the district court's January 30 denial of his December motion

because it was filed within 14 days of the denial. Therefore, we consider the issues raised in Defendant's December motion.

First, Defendant argued that his term of supervised release resulted from an error in calculating his guidelines range. He claimed (1) that his base offense level should have been only 6 because he possessed and used the ammunition "solely for lawful sporting purposes or collection," USSG § 2k2.1(b)(2), and (2) that this reduced offense level would have entitled him to probation instead of supervised release. As the district court noted, however, this argument was barred because Defendant had failed to raise the issue at his initial sentencing, on appeal, or in his § 2255 motion. "It is not appropriate [in a motion for reconsideration] to . . . advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The district court properly rejected the argument on that ground.

Second, the district court properly rejected Defendant's request that it modify his term of supervised release under § 3583(e)(2). We review for abuse of discretion a district court's decision maintaining or modifying the terms of supervised release. *See United States v. Begay*, 631 F.3d 1168, 1170 (10th Cir. 2011). Defendant has failed to offer any ground, such as evidence of changed circumstances, that would have required the court to grant his request.

Finally, Defendant argues on appeal that (1) the district court erred in reimposing his term of supervised release when Defendant was not present at the resentencing hearing; (2) the district court lacked jurisdiction to reimpose his condition of supervised release after expiration of the statutory time limit in 18 U.S.C. § 3282 (setting five-year

4

limitations period for noncapital offenses); and (3) under *United States v. Mojica*, 214 F.3d 1169, 1172 (10th Cir. 2000) (court should evaluate the totality of circumstances when determining if a defendant lawfully possessed ammunition for sporting purposes), Defendant's term of supervised release should be vacated. But Defendant failed to present these issues to the district court, so we review only for plain error. *See United States v. Chavez-Marquez*, 66 F.3d 259, 261 (10th Cir. 1995). And Defendant has not argued for plain-error review, nor do we discern any error that is plain. *See United States v. Alexander*, 802 F.3d 1134, 1137 (10th Cir. 2015) (appellant not entitled to plain-error review unless he argues plain error).[1]

We **AFFIRM** the district court's judgment. We **DENY** Defendant's request to amend his reply brief to add two documents that were not in the record below. His application to proceed IFP is **GRANTED**; but he remains obligated to pay all filing and docketing fees. We **DENY** the government's motion to dismiss the appeal.

Entered for the Court

Harris L Hartz
Circuit Judge

---

[1] The government contends that Defendant's appeal is moot because he "is no longer subject to the three-year term of supervised relief that he challenges in the initial appeal." Government's motion to dismiss appeal at 4. His supervised release was revoked in July and he was ordered to serve a five-month sentence concurrent with a state-court sentence. But if the term of supervised release was invalid, then the revocation was also.